325 So.2d 368 (1975)
Neil DASPIT, Plaintiff-Appellant,
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Defendant-Appellee.
No. 5278.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Pharis & Pharis, by James A. Pharis, Jr., Alexandria, for plaintiff-appellant.
Bernard L. Malone, Jr., D. Ross Banister, Wm. W. Irwin, Jr., Johnie E. Branch, Jr., Baton Rouge, for defendant-appellee.
Before MILLER, WATSON, and PETERS, JJ.
PETERS, Judge ad hoc.
This is an action for compensation for land damaged by the Department of Highways for drainage purposes. The district court held that defendant had no obligation *369 to pay compensation for private property taken in widening and deepening a natural drain, citing LSA-R.S. 48:223(C) as authority therefor.
Plaintiff owns a tract of land in Alexandria consisting of approximately 4.543 acres. The tract is located on the southerly side of Louisiana Highway One, with a frontage of about 242 feet and about 900 feet deep. There is a swale or natural drain called Sandy Bayou which runs diagonally across the tract from the northeast corner of the property to the south edge of the tract and from there along the south edge to the back of the property. The swale cuts the subject property into two sections, only one of which fronts on Highway One, but plaintiff installed culverts in the swale to connect the two sections. He therefore had access to the whole of the property from Highway One. At some time in 1972, the Department of Highways went on the property and dug a canal through Sandy Bayou. The culverts were removed and left strewn about on plaintiff's property. Spoil dirt from the canal was left piled up on the property. About ten cypress trees were cut and debris from these trees was left lying in the spoil dirt which had been dumped on the property. The stumps from the cypress trees were left in the ground and buried by the spoil. The property was effectively cut into two separate tracts with only the small, front tract having access to Highway One. Defendant made no effort to negotiate with plaintiff for a right of way and paid him no compensation whatsoever.
Defendant contends that because Sandy Bayou is a natural drain, LSA-R.S. 48:223(C) gave it the right to widen and deepen Sandy Bayou without the payment of compensation. LSA-R.S. 48:223(C) reads as follows:
"The agents and employees of the department (Department of Highways), under the direction of the chief engineer, may enter and clean or improve by widening or deepening, if necessary in the opinion of the chief engineer, such natural and public drainage channels, ditches, or canals that are adjacent to and form part of the drainage system of any state highway."
Defendant presented no evidence that Sandy Bayou forms a part of the drainage system of Highway One or any other state highway. However, this is of no importance for even if it is assumed that Sandy Bayou is a natural drain for Highway One, defendant's position concerning the payment of compensation is untenable. The statute relied upon authorizes the widening or deepening of a natural drain but has no provisions concerning compensation. Section 223 is found in that part of Title 48 dealing with "General Administrative Functions of the Department." It is apparent that Section 223 was intended to delineate some of the functions of the Department of Highways and was not intended to imply that the Department need not pay compensation for damages caused by the exercise of those functions. In Scott v. Red River-Bayou Pierre Levee and Drainage District of Louisiana (La. App.2nd Cir., 1942), 7 So.2d 429, defendant Drainage District widened and deepened Flat Bayou, a natural drain, and contended that a statute giving Drainage Districts control over the land within 100 feet of either side of all drainage channels relieved the Drainage Districts of any obligation to pay compensation for land taken or damaged within 100 feet of such channels. The court rejected this contention and held that the statute merely gave control over the area bordering the channels to the Drainage Districts in order that the Drainage Districts could maintain the efficiency of all drainage channels; the landowner continued to own the land and was entitled to compensation if the land were taken or damaged by the Drainage Districts in exercise of their right of control.
Art. 1, Sec. 2 of the Constitution of 1921 provides that private property shall not be taken or damaged without adequate *370 compensation. The swale running across plaintiff's land was part of his private property. The evidence clearly shows that plaintiff's property was "taken" or "damaged" for public purposes and therefore adequate compensation must be paid. Scott v. Red River-Bayou Pierre Levee and Drainage District of Louisiana, supra; Bernard v. State Department of Highways (La.App.3rd Cir., 1961), 127 So.2d 774.
The trial court cited Hornsby v. State Department of Highways, 241 La. 989, 132 So.2d 871 (1961), in support of its position that no compensation was due for the damage caused by the construction of the canal across plaintiff's land. The Hornsby decision is easily distinguished from the present case. Hornsby involved land bordering a navigable river and dealt with the legal servitude imposed on such land by LSA-C.C. 665 and 707. In the instant case, there is no claim of a legal servitude under either of the above cited articles.
We find that plaintiff is entitled to a recovery of $7,000.00. Defendant's own witness, Perry E. Futrell, Jr., an expert appraiser, testified he felt the market value of the subject property had been diminished about $4000.00 by the actions of defendant. He believed an informed buyer would offer $4000.00 less for the 4½ acres than he would have offered before defendant dug the canal. He testified that an informed buyer would consider the irreparable damage done (the loss of the cypress trees and deepening of the swale) and the cost of restoring the tract as much as possible to its original state. Mr. Futrell failed to consider that there were about ten cypress stumps still in the ground beneath the spoil dirt. He had a contractor submit a bid for leveling the spoil dirt and removing debris. The contractor submitted a bid of $1000.00 but failed to take into account that there were cypress stumps under the spoil dirt which would have to be removed. Plaintiff had had some experience in removing stumps and testified that it costs about $300.00 to remove a stump. We therefore find the removal of these stumps would have cost about $3000.00. An informed buyer would consider this expense in determining the value of the property and thus would offer about $7000.00 less than he would have offered before the canal was dug; i.e. $3000.00 for irreparable damage, $1000.00 for leveling the spoil and removing debris, and $3000.00 for removing the cypress stumps.
All costs in this court and in the court below are to be paid by defendantappellee except those excused by LSA-R.S. 13:4521. We set the fee of Mr. Joseph T. Glorioso, plaintiff's expert witness, at $750.00 and include this sum in those costs to be paid by defendant. LSA-R.S. 13:3666. We also find plaintiff is entitled to reasonable attorney's fees taxed as costs against defendant and fix these fees at $2800.00. LSA-R.S. 13:5111.
Reversed and rendered.