BOLIN, Judge.
This appeal presents the question of whether a municipality must compensate a utility company for the costs the company •incurs in lowering its pipeline which traverses a natural drain to a depth where the pipeline will not interfere with the municipality’s drainage improvement project. The lower court held that in forcing the utility company to lower its pipeline, the municipality exercised its power of eminent domain and therefore must compensate the utility company for the cost of lowering the pipeline. For the reasons hereafter assigned, we set the judgment aside and remand the case to the lower court for further proceedings.
Plaintiff, Arkansas Louisiana Gas Company (Arkla), petitioned the district court to enjoin the defendants, City of Minden, Louisiana Department of Public Works, and C-P Construction Company, Inc., from proceeding with a drainage improvement project involved in deepening Mile Creek, a nonnavigable natural drain located within the corporate limits of the City of Min-den. Arkla alleged it was the owner of four natural gas pipelines which cross Mile Creek at four distinct places and that it was the grantee of certain rights-of-way to lay and maintain these pipelines. An un-certified copy of a 1929 deed granting a right-of-way for one of the pipelines was attached to the petition. Arkla also alleged the drainage project would require the lowering of its pipelines at a cost of $16,814.91 and that the city had refused to compensate Arkla for this cost since the city believed it did not have to expropriate plaintiff’s property. Arkla also alleged the city’s drainage project interfered with plaintiff’s property rights and plaintiff would suffer irreparable injury if the city were allowed to continue work. Arkla prayed that defendants be enjoined from continuing the drainage project and that Arkla’s right to just compensation for the taking be adjudicated by the court.
The temporary restraining order issued as prayed for. At the hearing on the rule for a preliminary injunction, the parties stipulated to the factual allegations of plaintiff’s petition and agreed that the cost of lowering the pipeline was $16,814.91.
On the basis of the stipulation, the trial court rendered judgment in favor of Ark-la, enjoining defendants from proceeding with the construction until the city expropriated plaintiff’s property and compensated Arkla for the taking.
*854 The defendants applied to this court for writs which were denied on the ground defendants had an adequate remedy by appeal.
Under protest pending the outcome of this appeal, the city paid Arkla the sum of $16,814.91. In oral argument counsel for the parties acknowledged the pipelines had been lowered and the drainage project completed. This fact renders the question of the injunction moot.
The only issue remaining in the suit is Arkla’s right to compensation for the alleged taking of its property. While this issue poses an interesting question of law involving the city’s rights in a natural drain under its police power, the Revised Statutes, and the Civil Code, we cannot decide the appeal on the posture of the record and the paucity of facts presented.
For example, the trial court evidently gave written reasons for its judgment since the parties referred to them in brief, but the written reasons are not in the record before the court.
Further, the record is devoid of any evidence concerning the nature and extent of the municipality’s drainage project. There is little evidence concerning Arkla’s pipelines — whether they are buried or exposed; if buried, the depth they are buried below the natural drain; the nature of Arkla’s servitudes, i. e., are they servitudes by title and, if so, the contents of the deed granting the particular servitude.
This court will not decide cases in a factual vacuum. A sufficient factual background must exist before the court can apply the law and render a decision affecting the rights and liabilities of the parties.
We do find that the city has a right to maintain the efficiency of natural drain but we withhold any additional comment on the nature and extent of such right until the suit is placed in a posture proper for decision.
It is therefore ordered that the judgment appealed from be set aside and the case is remanded to the lower court for further proceedings consistent with the views herein expressed; after which the lower court shall render a final judgment in accordance with law. All costs to await the final determination of the cause.