341 So.2d 607 (1977)
ARKANSAS LOUISIANA GAS COMPANY, Plaintiff-Appellee,
v.
CITY OF MINDEN et al., Defendants-Appellants.
No. 13109.
Court of Appeal of Louisiana, Second Circuit.
January 10, 1977.
Robert C. White, Minden, for defendants-appellants.
Blanchard, Walker, O'Quin & Roberts, by W. Michael Adams, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and JONES, JJ.
PRICE, Judge.
The City of Minden has appealed the judgment requiring it to compensate Arkansas Louisiana Gas Company for the cost of lowering three pipelines in connection with a project to improve the drainage of Mile Creek, a non-navigable stream which serves as a natural drain for a large area of the City.
On prior appeal, judgment granting Arkla injunctive relief, and awarding it $16,814.91 as the estimated cost of relocation, was set aside, and the case was remanded *608 for further evidence. See 325 So.2d 852 (La.App.2nd Cir.1976).
On remand, the trial court confirmed its original finding that in forcing the utility company to lower its pipelines, the City was exercising its power of eminent domain, and must compensate the utility for the cost of relocation. The court revised its prior award to accord with the evidence presented on rehearing, showing the actual cost of relocation of the lines was $24,938.71. (Subsequent to the original judgment, Arkla lowered its lines, and the City paid the estimated cost to the utility under protest. Therefore, the injunctive issue became moot.)
On this appeal, the sole issue is whether the municipality must expropriate the rights-of-way of the utility company which are affected by the improvement of a natural drain, or may the municipality require the relocation without compensation under the exercise of its police power.
The following facts are shown by stipulation or evidence presented on rehearing:
1) Prior to the initiation of the drainage project, Arkla maintained a 20" high pressure transmission line; an 8" distribution line; and a 2" distribution line under right-of-way grants and ordinances of the City of Minden which afford it a right of servitude across the bed of Mile Creek, a non-navigable stream which is a natural drain.
2) These lines were buried 30" or more below the surface of the bed of Mile Creek prior to the drainage improvement, and did not interfere with the flow of water through the then existing natural drain.
3) The work undertaken by the City in conjunction with the State Department of Public Works consists of widening and deepening of Mile Creek, and is not routine clearing and maintenance of the natural drain.
The City contends Arkla acquired its pipeline servitudes subject to the condition that the lines would not interfere with the police power of the State to maintain or improve the natural drain which the lines traversed. In support of this position, it relies on the decision in Petit Anse Coteau Drainage District v. Iberia and V. R. Company, 124 La. 502, 50 So. 512 (1909).
In Petit Anse, the railroad bridges and trestles crossing a non-navigable stream were an impediment to the drainage district's clearing and deepening of the natural drain. The Supreme Court, in upholding the drainage district's right to appropriate the bridges without payment of compensation, discussed the applicable principles of law as follows:
. . . In the instant case the general authority contained in its charter, under which defendant constructed its road and bridged or trestled the natural drains of the state, conferred upon it no right to obstruct those drains or to render them inaccessible for purposes of maintenance. Nor did it guarantee the defendant against the deepening and widening of the drains by the state in the proper exercise of its police power.
* * * * * *
. . . As between it and the state, represented by plaintiff, exercising the police power of the state, we are of opinion that it can be so required. It is true that the law (which has been quoted) contemplates the expropriation of property, and payment therefor, when new drains are cut, but we do not understand it to mean that the owner of land through which an old, natural, drain passes is to be compensated for such shovelfuls of earth as are removed in making such drain efficient.
Several cases with similar questions of law have refused to follow the Petit Anse case in the years following its rendition. In this circuit, a drainage district was required to compensate an adjoining landowner of a natural drain being widened and deepened for land used for spoil dirt. Scott v. Red River-Bayou Pierre Levee and Drainage District, 7 So.2d 429 (La.App.2nd Cir. 1942). Also see Grayson v. Bossier Levee District, 229 So.2d 139 (La.App.2nd Cir.1969).
The Third Circuit commented on Petit Anse in 1961:

*609 The Petit Anse Coteau Drainage District case was decided in 1909, and although it does not appear ever to have been overruled, the later jurisprudence is to the effect that the landowner is entitled to compensation for property appropriated under certain circumstances similar to those presented in that case.
Bernard v. State of Louisiana, Department of Public Works, 127 So.2d 774 (La.App.3rd Cir. 1961).
The City contends the cases which refuse to follow the Petit Anse decision are factually distinguishable from the instant case as they were concerned with the attempt by a state agency acting under its police power to take additional land from a landowner, whereas the taking in this case is merely of a right of servitude which prevents the City from fulfilling its duty to clear and improve a natural drain.
This argument has been rejected by this circuit in Arkansas Louisiana Gas Company v. Louisiana Department of Highways, 104 So.2d 204 (La.App.2nd Cir.1958). Although the taking of a pipeline right-of-way was by the Department of Highways in connection with the widening of a highway in that case, the principles of law relied on are applicable to the issue now before us.
The principle that a right-of-way, whether denominated as easement or servitude, is property and that damage to its free use by the owners thereof amounts to a taking of property, is too well established to admit of question. The right of servitude as a form of incorporeal property is specifically defined by Article 460 of the LSA-Civil Code. The taking of or the interference with the use of an easement or servitude entitles the owner to compensation; ....
Equally obvious and conclusive are the constitutional prohibitions against the taking of property without payment of compensation embodied in Article 1, Section 2 of the LSA-Constitution of 1921, and the Fourteenth Amendment to the Constitution of the United States.
* * * * * *
By way of defense to plaintiff's claims defendant urges that its actions in the instant case have been taken under the broad authority of the exercise of the police power of the State and cites as authority, inter alia, the cases of New Orleans Gaslight Co. v. Hart, 40 La.Ann. 474, 4 So. 215; New Orleans Gas-Light Co. v. Drainage Commission, 111 La. 838, 35 So. 929; 197 U.S. 453, 25 S.Ct. 471, 49 L.Ed. 831; and City of Shreveport v. Kansas City, Southern & G. Ry. Co., 167 La. 771, 120 So. 290, 62 A.L.R. 1512.
With respect to this contention we first observe that we do not subscribe to the argument that defendant's action in this case involves the exercise of the police power. . . .
* * * * * *
. . . Quite another factual proposition is presented in the instant case, for there is no contention whatsoever that the mere presence of plaintiff's pipeline underlying a highway represents a grave danger to the traveling public. The regulation required by defendant did not involve nor necessitate the removal of plaintiff's pipeline on the ground that it constituted a menace or hazard to the public safety. To say that the enforcement of a simple regulatory provision constitutes a proper exercise of the police power of the State would be to extend the right of use of such a potentially dangerous power beyond the limits of reason and the necessities of public purpose.
The right to compensation for private property taken in the deepening and widening of a natural drain by the Department of Highways was recently recognized by the Third Circuit in Daspit v. State, Department of Highways, 325 So.2d 368 (La. App.3rd Cir. 1975).
The Louisiana Constitution of 1974, mandates that compensation be paid for the taking of private property for a public purpose. The sole instance provided for a municipality to appropriate property is under Article 1, § 4, in taking property necessary for levee and levee drainage purposes. The *610 instant case has no connection with drainage for levee purposes.
The pipelines of Arkla were not an impediment to the free flow of drainage waters through Mile Creek as it existed at the time the lines were constructed.
The improvement project on Mile Creek was undertaken to provide drainage for a larger area of the City of Minden, and after completion, the flow of water through the natural drain will be increased. The depth and width of the creek has been substantially increased, and the course of its channel has also been straightened in areas to accommodate the additional drainage. Because of the extent of the work done, the improvement project is beyond normal maintenance on the existing drainage servitude. It is only because of the additional depth and width that Arkla lines have become an impediment to the natural drain. The City may not resort to the exercise of its police power in expanding natural drains to avoid paying compensation for the property taken.
We find the City has exercised its power of eminent domain in requiring Arkla to lower its pipelines, and therefore, must compensate Arkla for the reasonable cost of performing this work. The judgment is affirmed at appellants' costs.