**AMERICAN TELEPHONE AND TELEGRAPH COMPANY**

v.

**MADISON PARISH POLICE JURY and**
Louisiana Department of
Public Works.

No. 76–0835.

United States District Court,
W. D. Louisiana,
Monroe Division.

Dec. 8, 1977.

W. Michael Adams, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for plaintiff.

Thomas W. Bishop, Asst. Dist. Atty., Tallulah, La., for Madison Parish Police Jury.

William J. Guste, Jr., Atty. Gen. of Louisiana, Baton Rouge, by A. Mills McCawley, Asst. Atty. Gen., Shreveport, La., for Louisiana Dept. of Public Works.

## MEMORANDUM RULING

STAGG, District Judge.

This action comes before the Court on plaintiff's motion for summary judgment. The parties have submitted a joint stipulation of facts in order to obviate the need for trial.

Plaintiff American Telephone & Telegraph Co. (AT&T) is incorporated in New York, which is also its principal place of business. AT&T maintains an underground telecommunication cable on a conventional right-of-way across private lands in Madison Parish, Louisiana. At one point on these lands, the cable crosses under Panola Bayou, a non-navigable stream and natural drain. The cable was five feet below the bottom of the bayou and did not interfere with the flow of water, but in July of 1973, the Madison Parish Police Jury and the Louisiana Department of Public Works decided to widen and deepen Panola Bayou to alleviate drainage problems in the area.

The improvement project deepening the bayou made it necessary to bury the cable further. AT&T initially refused to do this without compensation but later relented under protest in order to prevent harm to the cable. On September 20, 1975, the relocation of the cable was completed by AT&T at a cost of $33,823.25. AT&T now seeks to hold both defendants liable *in solido* for this amount plus costs and attorney's fees. The defendants originally requested and received a stay of these proceedings pending the outcome of an appeal in a factually similar state court case. After the case was decided adversely to their position, defendants filed a single-sentence Answer generally denying the allegations of the Complaint. They have not opposed this motion or taken any further action in this lawsuit.

There is no dispute as to any material fact. The sole legal question presented for resolution is whether defendant's acts constituted a taking of property requiring just compensation under the state or federal constitution. The requisites for diversity jurisdiction are present and plaintiff bases his cause of action on state law, therefore, finding him entitled to judgment under the Louisiana Constitution, the Court need not reach any Fourteenth Amendment claim, though the result would be the same. *City of Grand Prairie v. American Tel. & Tel. Co.*, 405 F.2d 1144, 1148 (5th Cir. 1969).

Article I, § 4 of the Louisiana Constitution of 1974 provides:

"Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner . . . ."

There can be no doubt that a right-of-way servitude is "property" within the meaning of this article. *Arkansas Louisiana Gas Co. v. Louisiana Dept. of Hwys.*, 104 So.2d 204 (La.App. 2d Cir. 1958); *cf. Department of Hwys. v. Southwestern Elec. Power Co.*, 243 La. 564, 145 So.2d 312, 325 (1962) (on rehearing) ("servitude or any other sort of real right"). Nor can it be doubted that the relocation required by defendants amounted to a "taking or damaging" of plaintiff's property. *Arkansas Louisiana Gas Co. v. City of Minden*, 341 So.2d 607 (La.App. 2d Cir. 1977); *Daspit v. State, Dept. of Hwys.*, 325 So.2d 368 (La.App. 3d Cir. 1975); *cf. Department of Hwys. v. Southwestern Elec. Power Co., supra*. The appropriate measure of compensation is the cost of relocation, *Arkansas Louisiana Gas Company v. City of Minden, supra*, at 607, which is stipulated by the parties to be $33,823.25 in this case.

■ There can be no claim of any riparian or levee servitude by the State as Panola Bayou is non-navigable. The claim that the general police power of the state permits appropriation, rather than expropriation, of plaintiff's property is defeated by the express constitutional provision for just compensation. *Department of Hwys. v. Southwestern Elec. Power Co.*, 243 La. 564, 145 So.2d 312, 315–17 (1962) (rev'd on rehearing on other grounds); *Arkansas Louisiana Gas Co. v. City of Minden*, 341 So.2d 607, 609 (La.App. 2d Cir. 1977).

■ AT&T has complicated the question of the appropriate remedy by bringing this action in federal court. The Eleventh Amendment to the United States Constitution prevents this Court from taking jurisdiction over actions against a state without express consent to suit or waiver of the immunity. There is no evidence of consent in this case, and the United States Supreme Court has made it clear that waiver is not to be implied easily. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 622 (1974). The mere fact that the state has appeared in this suit without asserting its Eleventh Amendment immunity does not amount to a waiver since jurisdictional bars may be raised at any stage of the proceedings. *Ford Motor Co. v. Department of Treasury of State of Indiana*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Aerojet-General Corp. v. Askew*, 453 F.2d 819 (5th Cir. 1971). This is especially clear where the state's legal counsel lacks authority to consent to suit in federal court because the state statute governing the cause of action (La.R.S. 13:5106) limits suit to state court. *Richins v. Industrial Construction, Inc.*, 502 F.2d 1051, 1056 (10th Cir. 1974); *Norris v. St. of Ga.*, 522 F.2d 1006, 1009 n. 4 (4th Cir. 1975).

■ This Eleventh Amendment immunity from suit in federal court must not be confused with common law sovereign immunity. A waiver of the latter, of the kind contained in Article XII, § 10 of the Louisiana Constitution of 1974, does not waive the former. *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 877, 88 L.Ed. 1121 (1944); *Martin v. University of Louisville*, 541 F.2d 1171, 1175 (6th Cir. 1976). However, as political subdivisions are not included within the Eleventh Amendment's immunity, *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977), a waiver of common law sovereign immunity subjects them to suit in federal court regardless of any state statutory provisions to the contrary. *Markham v. City of Newport News*, 292 F.2d 711 (4th Cir. 1961); 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3524 at 92. Therefore, because this Court lacks jurisdiction over any claims against the Louisiana Department of Public Works, the award herein can operate only against the Madison Parish Police Jury.

■ In addition to the cost of relocation of the cable, AT&T seeks attorney's fees under La.R.S. 13:5111(A):

"A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality . . . for compensation for taking of property by the defendant, other than through an ex-

propriation proceeding, shall determine and award to the plaintiff as part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding."

The courts of Louisiana have found this statute applicable in very similar circumstances. *Daspit v. State, Dept. of Hwys.*, 325 So.2d 368, 370 (La.App. 2d Cir. 1975). This Court will provide the same award which would be available in state court regardless of the attempt to limit attorney fee awards to state court actions. *Markham v. City of Newport News*, 292 F.2d 711 (4th Cir. 1961).

Accordingly, the motion for summary judgment is GRANTED against defendant Madison Parish Police Jury and judgment will be entered in favor of AT&T for $33,-823.25 plus costs and attorney's fees. This action will be dismissed as to defendant Louisiana Department of Public Works at plaintiff's costs.

Plaintiffs are ordered to file with the Clerk of this Court and serve upon defendant within fifteen (15) days from this date an affidavit of attorney's fees incurred in this action. Defendant will have five (5) days from receipt of this affidavit in which to contest the charges. Formal judgment will follow receipt of the affidavit.