388 So.2d 790 (1980)
PLAQUEMINES PARISH COMMISSION COUNCIL
v.
HERO LANDS COMPANY et al.
No. 67042.
Supreme Court of Louisiana.
September 3, 1980.
*791 Frank J. Peragine, John C. Hebert, Suzette T. Becker, Brian, Simon, Peragine, Smith & Redfearn, New Orleans, for defendant-applicant.
Douglas A. Kewley, Louis B. Porterie, Duke, Porterie & Hantel, New Orleans, for plaintiffs-respondents.
WATSON, Justice.
At issue is the right to dispose of spoil on the banks of a drainage canal. Both plaintiff and defendant Hero claim ownership of the dirt, Hero because it owns the underlying land and plaintiff because it has a servitude of drain.
Plaintiff, the Plaquemines Parish Commission Council, is the governing authority of the Parish and the successor of the Jefferson-Plaquemines Drainage District. It holds a drainage servitude and brought suit to enjoin the defendant land owner, Hero Lands Company, and the other defendants[1] from excavating earth from the servitude. Plaintiff also sought to enjoin use of a shell road adjacent to the drainage canal for operation of a commercial landfill absent zoning approval and an occupational license.
The trial court enjoined all defendants from excavating earth from the servitude without permission of the Council; enjoined Hero from using the shell road, Buccaneer Road, except as permitted by the Council's permit; and enjoined Hero from selling earth or operating a dump in areas zoned A-II without an occupational license from the Parish.
The Fourth Circuit Court of Appeal affirmed the preliminary injunction enjoining defendants from excavation on the servitude without permission of the Council, but reversed the remainder of the judgment and remanded for further proceedings. 380 So.2d 722. The Court of Appeal held that, despite Hero's ownership of the soil, the Council was entitled to use and control its disposition as long as it might be used in connection with the drainage servitude and that defendants could not remove or sell the soil without the consent of the Council. The court stated that the soil might be needed to increase or decrease the flow of water through the drainage canal and that this was an accessory right which should have been contemplated by the landowner when it granted the servitude of drain.
The servitude agreement between the parties, dated August 16, 1957, granted the drainage district surface servitudes for drainage canal construction and maintenance according to an attached map. The servitude measured thirty feet on each side of the center line of each drainage canal, and twelve and one-half feet on each side of the center line of each seepage ditch. During construction, the drainage district was given the right to use the soil deposited in the clearing and dredging of the canals and ditches. The agreement states:
"... the Drainage District is herewith granted, during the period of construction of the aforesaid canals and ditches, the right to spoil or deposit debris created in clearing the rights of way and earth taken or dredged in the construction of canals and seepage ditches on lands of the respective ownerships outside and/or beyond the limits of the servitudes hereinabove specified." (Tr. 13-14).
A writ of review was granted to consider whether the Court of Appeal was correct in enjoining the defendant landowner against excavating earth from its property without permission of the servitude owner.
There was testimony that the Parish sometimes needs dirt for levee and canal work, and at other times has sold dirt. *792 Council President Chalin Perez said that fill would be needed for future public purposes. It was conceded, however, that the spoil is not presently serving a levee function. According to the testimony of Numa Hero of Hero Lands Company, removal of the dirt, which commenced in 1970, has aided surface drainage of the adjoining property. Council President Perez testified in rebuttal that the increased flow of water from this raw land interfered with handling the runoff from developed areas and overburdened the pumping stations.
Hero's land was burdened with a predial servitude. LSA-C.C. art. 646.[2] It was granted "In consideration of the benefits to be derived to their ... properties because of the ... canals and seepage ditches to be dug ...". (Tr. 13) The Council contends that it has a legal servitude under LSA-R.S. 38:113, as well as the conventional servitude granted by Hero. The record does not establish whether a legal public servitude existed prior to the conventional servitude established by agreement. LSA-C.C. arts. 665, 722. Even if a legal servitude did exist, it was altered by agreement of the parties. LSA-C.C. art. 729. In case of doubt, the extent of the Parish's right must be resolved in favor of Hero, owner of the servient estate. LSA-C.C. art. 730. The agreement between the parties gave disposal rights to the soil dredged from the area to the drainage district only during construction. Control of the spoil thereafter reverted to landowner Hero. The landowner retains title to his land unless it is expropriated. Scott v. Red River-Bayou Pierre Levee & D. Dist. of Louisiana, 7 So.2d 429 (La.App. 2 Cir. 1942); Bernard v. State, 127 So.2d 774 (La.App. 3 Cir. 1961); Grayson v. Commissioners of Bossier Levee District, 229 So.2d 139 (La. App. 2 Cir. 1970); Justice v. Bourgeois, 288 So.2d 106 (La.App. 4 Cir. 1974); Daspit v. State, Department of Highways, 325 So.2d 368 (La.App. 3 Cir. 1975); LSA-Const. 1974, Art. 6, § 42. Any limitations on the owner's use must be expressed in the servitude agreement. Here, there is nothing in the agreement that prevents Hero from disposing of the spoil. Therefore, the Parish is not entitled to an injunction against removal of earth from Hero's land. For the reasons assigned by the Court of Appeal, the Parish is not entitled to the other injunctions issued by the trial court.
For the reasons assigned, the judgment of the trial court granting preliminary injunctions to plaintiff is reversed, and the injunctions are vacated; plaintiff's petition is dismissed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Other defendants were only nominal parties. They are Charles Daniel "Chuck" Jackson, Jackson Truck Service, Inc., Leon "Sam" Duplessis, and Leon Duplessis & Son, Inc., who allegedly hauled dirt from the servitude area with permission of Hero. It was stipulated that Leon Duplessis did not individually haul any dirt.
[2] This opinion refers to the Civil Code articles by their current numbers. None of those cited represent a substantive change in the law.