David DAGNALL, Plaintiff–Appellee,

v.

Succession of Barney GEGENHEIMER et al., Defendants,

Department of Highways, State of Louisiana, Defendant–Appellant.

No. 79–1805.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1980.

Jesse S. Guillot, New Orleans, La., for defendant-appellant.

Adams & Reese, Robert E. Couhig, Jr., New Orleans, La., for plaintiff–appellee.

Before CHARLES CLARK, TJOFLAT and GARZA, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The Louisiana Department of Highways (the Department) appeals from a judgment rendered against it in this negligence action. The eleventh amendment, the Supreme Court's interpretations thereof, and the law of the State of Louisiana require the vacation of this judgment and dismissal of the appeal.

David Dagnall and two co–workers were going to work on the Pontchartrain Expressway in New Orleans at four o'clock a. m. on July 4, 1975, when a vehicle driven by

Gegenheimer in the opposite direction went out of control, crossed the concrete median after straddling it for 185 feet, and struck Dagnall's vehicle head–on. Gegenheimer was killed and Dagnall received extensive injuries. Dagnall, a resident of Wisconsin, brought this diversity action against Gegenheimer's estate, which settled out of court, and the Department. At trial, Dagnall's evidence showed that the barriers used in the medians on the expressway did not meet the prevailing industry standards and that if the barriers had met those standards, he would not have been injured. After the jury returned a verdict awarding Dagnall $100,000.00, the Department filed a motion for a new trial combined with a motion for judgment notwithstanding the verdict, arguing for the first time that the trial court lacked jurisdiction over the action under the eleventh amendment. The trial court held that the Department had waived its eleventh amendment immunity by its pretrial stipulation that it was amenable to suit and by failing to raise the jurisdictional issue until after trial. Before this court, the Department argues that the eleventh amendment deprives the trial court of jurisdiction, and that there was insufficient evidence to support the jury's verdict. Because the former issue is dispositive, we do not discuss the latter.

■ The eleventh amendment expressly bars the suit of Dagnall, a resident of Wisconsin, against the State of Louisiana. Dagnall does not dispute the Department's claim that it is a state agency entitled to invoke eleventh amendment limitation on the judicial power of the United States. It is clear that the eleventh amendment rights of a state are sufficiently jurisdictional to be asserted for the first time on appeal. *Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662, 681 (1974). So then, unless the State has waived its eleventh amendment immunity, the district court was without jurisdiction. In *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), the Court addressed the question whether the administrative and executive officers of Indiana had the authority to waive that

State's eleventh amendment immunity. *Id.* at 466, 65 S.Ct. at 352, 89 L.Ed. at 395. Noting that the question was one of state law, but that the state courts had not ruled on the question, the Court concluded from the Indiana Constitution that the attorney general had no authority to waive the State's immunity. *Edelman's* holding that the trial of that case did not bar the State from raising its immunity at the appellate level did not address the question of waiver nor did it distinguish the *Ford Motor* decision, see footnote 19, 415 U.S. at 677, 94 S.Ct. at 1363, 39 L.Ed.2d at 681.

■ Louisiana law makes clear that no attorney for the State could have the authority to waive its eleventh amendment immunity. LSA:RS 13:5106 provides: "No suit against the state or other public body shall be instituted in any court other than a Louisiana state court." It has been held that this section deprives counsel of authority to consent to suit in federal court. *AT&T v. Madison Parish Police Jury*, 465 F.Supp. 168 (W.D.La.1977). By the very nature of this question, no state court would rule on it unless by certification. In view of this specific statute, the general Louisiana law regarding a state attorney's authority to prosecute or defend a suit is without significance. The attorney for the Department had no authority to waive the eleventh amendment right of the State of Louisiana not to be sued by Dagnall in a federal court.

■ The State has asserted its immunity only after it sought a favorable verdict and lost before the jury. Had it prevailed, Louisiana would doubtless be claiming the case was tried with its consent. That today's decision might permit such an inequity cannot overcome Louisiana's plain constitutional right and clear statutory provision.

Because the State of Louisiana is immune from suit in federal court by a citizen of another state, and because Louisiana has not waived this eleventh amendment immunity, the trial court was without jurisdiction and so are we. The judgment appealed from is vacated and the appeal is dismissed.

VACATED AND DISMISSED.