**David DAGNALL, Plaintiff-Appellee,**

v.

**Succession of Barney GEGENHEIMER et al., Defendants,**

**Department of Highways, State of Louisiana, Defendant-Appellant.**

**No. 79–1805.**

United States Court of Appeals, Fifth Circuit.

May 11, 1981.

Jesse S. Guillot, New Orleans, La., for defendant-appellant.

Adams & Reese, Robert E. Couhig, Jr., New Orleans, La., for plaintiff-appellee.

## ON PETITION FOR REHEARING AND *SUA SPONTE* SUGGESTION OF REHEARING EN BANC

Before CHARLES CLARK, TJOFLAT, and GARZA, Circuit Judges.

PER CURIAM:

The court substitutes the following paragraphs for those appearing at head- notes [1] through [4] of its opinion dated December 3, 1980, 631 F.2d 1195:

The eleventh amendment expressly bars the suit of Dagnall, a resident of Wisconsin, against the State of Louisiana. Dagnall does not dispute the Department's claim that it is a state agency entitled to invoke eleventh amendment limitation on the judicial power of the United States. It is clear that the eleventh amendment rights of a state are sufficiently jurisdictional to be asserted for the first time on appeal. *Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662, 681 (1974). So then, unless the State has waived its eleventh amendment immunity, the district court was without jurisdiction. In *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed.2d 389 (1945), the Court addressed the question whether the administrative and executive officers of Indiana had the authority to waive that State's eleventh amendment immunity. *Id.* at 466, 65 S.Ct. at 352, 89 L.Ed.2d at 395. Noting that the question was one of state law, but that the state courts had not ruled on the question, the Court concluded from the Indiana Constitution that the attorney general had no authority to waive the State's immunity. *Edelman's* holding that the trial of that case did not bar the State from raising its immunity at the appellate level did not address the question of waiver by proceeding to trial nor did it discuss the *Ford Motor* dicta regarding such a waiver. *See Edelman*, 415 U.S. at 678, 94 S.Ct. at 1363, 39 L.Ed.2d at 681.

*Edelman* does, however, instruct that waiver of the eleventh amendment immunity must be expressed clearly. Louisiana law does not clearly give attorneys for the State authority to waive its eleventh amendment immunity. Indeed, La. Rev.Stat.Ann. tit. 13 § 5106 (West Supp. 1980) provides: "No suit against the state, state agency, or political subdivision shall be instituted in any court other than a Louisiana state court." It has been held that this section deprives counsel of authority to consent to suit in federal court. *AT&T v. Madison Parish Po-*

**4**

*lice Jury,* 465 F.Supp. 168 (W.D.La.1977). By the very nature of this question, no state court would rule on it unless by certification. This statute indicates that the general Louisiana law regarding a state attorney's authority to prosecute or defend a suit is without significance. This means the attorney for the Department had no clearly expressed authority to waive the eleventh amendment right of the State of Louisiana not to be sued by Dagnall in a federal court.

The State has asserted its immunity only after it sought a favorable verdict and lost before the jury. Had it prevailed, Louisiana would doubtless be claiming the case was tried with its consent. That today's decision might permit such an inequity cannot overcome Louisiana's plain constitutional right in the absence of clearly expressed Louisiana law to the contrary.

Except as indicated above, the petition for rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the circuit judges who are in regular active service not having voted in favor of it (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), rehearing en banc is also DENIED.