FIREMAN'S FUND INSURANCE COMPANY, Plaintiff-Appellant,

v.

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF LOUISIANA, et al., Defendants-Appellees.

No. 85-3309.

United States Court of Appeals, Fifth Circuit.

July 2, 1986.

---

Jay H. Kern, Simon, Peragine, Smith & Redfearn, H. Bruce Shreves, New Orleans, La., for plaintiff-appellant.

James B. Frederick Jr., Sr., Asst. Gen. Counsel, Dept. of Trans. & Dev., Baton Rouge, La., for Dept. of Transp.

Brian J. Waid, Buras, La., for Frierson's Elec. Service Co., Inc., et al.

Before WILLIAMS, GARWOOD and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Fireman's Fund Insurance Company, brought suit against the Louisiana Department of Transportation and Development to rid itself of an obligation under a bond which it had furnished to a private company contracting with the Department for highway bridge repair work. The suit was brought under federal diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The district court dismissed the suit under the Department's claim of immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. We affirm.

This case is controlled by our decision in *Dagnall v. Gegenheimer*, 631 F.2d 1195, 1196 (5th Cir.1980), in which we held: "The Eleventh Amendment expressly bars the suit of Dagnall, a resident of Wisconsin, against the State of Louisiana. Dagnall does not dispute the claim of the Department of Highways that it is a state agency entitled to invoke Eleventh Amendment limitation on the judicial power of the United States."

Appellant undertakes to distinguish *Dagnall* on the ground that the plaintiff in that case did not dispute the Department's claim that it was a state agency entitled to invoke Eleventh Amendment protection from suit. We found, however, that the Eleventh Amendment rights of a state are "sufficiently jurisdictional" that the state was entitled to claim them even after a jury trial in federal court. It would have been impossible to have made the holding which we made in that case that there had been no state waiver of the immunity without making the fundamental decision that the Department was entitled to claim Eleventh Amendment immunity. This basic holding was reconfirmed by this Court on rehearing in *Dagnall v. Gegenheimer*, 645 F.2d 2, 3 (5th Cir.1981).

This holding also received strong confirmation in our en banc decision in *Welch v. State Department of Highways and Public Transportation,* 780 F.2d 1268 (5th Cir.1986). This case involved the Texas Highway Department. A majority of the En Banc Court upheld the Highway Department's right to claim Eleventh Amendment immunity from suit against the admittedly strong claim that the suit fell within the admiralty jurisdiction of the federal government. We recognize that the *Welch* case is not "controlling" because each state decides the relationship between the state government and the public agencies which it creates. As a pragmatic matter, however, the Texas Highway Department in *Welch* was fulfilling the same kind of essential state function as was the Louisiana Department of Transportation in this case. For many years there has been judicial recognition that construction and maintenance of highways is an essential state function. See for example, Justice Stone's opinion in the leading case of *South Carolina State Highway Dept. v. Barnwell Bros.,* 303 U.S. 177, 187, 58 S.Ct. 510, 515, 82 L.Ed. 734 (1938).

Appellant undertakes to counter the holding in the *Dagnall* case by citing a few Louisiana state cases of an earlier era in which the state courts indicated that Highway Department predecessors to the current Department of Transportation and Development were not the object of Eleventh Amendment immunity. The Department properly points out, however, that since governmental reorganization in the 1970s, the Department of Transportation and Development is one of the twenty state executive departments carrying out the many state executive functions. Appellant urges, however, that the Department is given more authority concerning the making of contracts and dealing with contractors than are some of the other agencies. Obviously this distinction cannot of itself control because it is the business of state agencies whose responsibilities include highway construction and maintenance to make contracts and deal with contractors on a pragmatic business basis.

Appellee refers us to *Kurkiewicz v. State of Louisiana through the Department of Health and Human Resources,* 560 F.Supp. 911 (M.D.La.1983), which held the named Department entitled to Eleventh Amendment immunity from suit. That case is not on all fours with the case before us, however, because that Department does not have all of the specific powers granted the Department of Transportation and Development. But, it would be an unrealistic holding, indeed, to require a careful analysis to be made with respect to each of Louisiana's parallel executive departments to find out which ones have more power to act through contracts than others. In its own statutes, the State of Louisiana treats all of the executive departments the same, Louisiana Rev.Stat. 36:4 A, and gives them all power to sue and be sued as corporate bodies. Then, the state continues to treat them all on a par in the Louisiana Rev.Stat. by providing in 13:5102 A a definition of "state agencies" which includes the "departments". Then the statute goes on in 13:5106 to provide in terms:

> No suit against the state, state agency, or political subdivision shall be instituted in any court other than a Louisiana state court.

Appellant points to our decision in *Tradigrain, Inc. v. Mississippi State Port Authority,* 701 F.2d 1131 (5th Cir.1983). That case simply determined that the Mississippi State Port Authority was not sufficiently independent of the State of Mississippi to enable it to claim to be a "citizen" for purposes of diversity jurisdiction. Appellant cites the case because it listed and discussed in the opinion a number of factors to be considered in deciding if an agency is a state agency. The decision of the Court militates against appellant's position, however, by stressing the fact that the Authority was performing an "essential governmental function" and also the fact that the State of Mississippi had undertaken to assert immunity for the Port Authority, just as Louisiana asserts immunity for this Department by statute.

Finally, and of critical importance, is the fact that the Department spends state funds, and in large amounts. Judgments against the Department must ultimately be paid out of general state revenues. This clearly distinguishes the case from our holding in *Jacintoport Corp. v. Greater Baton Rouge Port Commission*, 762 F.2d 435 (5th Cir.1985). In that case we properly held that the Port Commission did not merit Eleventh Amendment immunity. We emphasized that the Commission was self-supporting financially from its own fees which it levied. Thus, it could pay judgments out of its own treasury for amounts which it owed, and the State of Louisiana was not implicated in such judgments.

■ Later cases have not modified nor cast doubt upon our decision in *Dagnall.* We hold that the Department of Transportation and Development of the State of Louisiana is entitled to claim immunity under the Eleventh Amendment from suit by private citizens in federal court. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

■ Appellant does not assert any claim that the state has waived sovereign immunity. The Louisiana statutes quoted above make clear that the state makes no intentional waiver of Eleventh Amendment immunity as to its executive departments.

The district court properly dismissed appellant's suit in federal court for lack of jurisdiction.

AFFIRMED.