STATE of Louisiana ex rel. William
A. GUSTE, Jr., Attorney General

v.

PUBLIC INVESTORS LIFE
INSURANCE COMPANY,
et al.

Civ. A. No. 91–2209.

United States District Court,
W.D. Louisiana,
Alexandria Division.

July 12, 1993.

---

James David McNeill, III, Baton Rouge, LA, J. Rodney Ryan, Jr., William Lee Schuette, Jr., Shelly D. Dick, John B. Dunlap, III, Gary Hicks Field & Bradford, Baton Rouge, LA, for State.

John M. Duck, Michael G. Crow, Kenneth F. Tamplain, Jr., Adams & Reese, New Orleans, LA, for Public Investors Inc.

Frank G. DeSalvo, Office of Frank G. DeSalvo, New Orleans, LA, for Leonard Aucoin and W. Joel Herron.

Kurt D. Engelhardt, Hailey McNamara Hall Larmann & Papale, Metairie, LA, for Dennis J. Lafont.

H. Brenner Sadler, Provosty Sadler & deLaunay, Alexandria, LA, for W. Alvin Owens.

### RULING

LITTLE, District Judge.

Plaintiff, the State of Louisiana, brought this action on 16 September 1991 in the Ninth Judicial District Court for the State of Louisiana against several insurance companies, holding companies (including Public Investors, Inc.), and individuals who served as directors or officers for these various corporations. The State sought judgment declaring that the defendants constituted a "single, business enterprise" under Louisiana case law and ordering that all misapplied or misappropriated assets be placed in the court's jurisdiction for appropriate disposition. On 11 October 1991, the trustee in bankruptcy for Public Investors, Inc. ("Trustee") removed the case to this court pursuant to 28 U.S.C. § 1334(b). On 17 July 1992, the Trustee answered the State's complaint, filed cross-claims adopting the State's claims against all other defendants, and counterclaimed against the State. The Trustee seeks to hold the State liable for more than $28 million, alleging that Public Investors would not have suffered the losses if state officials and employees had performed their duties with diligence.

Before the court are several motions: (1) the State's motion to dismiss the Trustee's counterclaim and for abstention and remand; and (2) motions by individual defendants Leonard Aucoin, W. Joel Herron, and Dennis J. Lafont to dismiss claims against them under Rule 4(j) of the Federal Rules of Civil Procedure. We address the State's motion first.

██ The State asserts several grounds for dismissal, the first being its Eleventh Amendment immunity from suit in federal court. The Trustee argues that the State has waived this immunity. After unravelling the weave of federal and state constitutions, statutes, and jurisprudence making up the law on this issue, we have determined that neither party is wholly correct.

██ The Eleventh Amendment bars federal courts from asserting jurisdiction over any suit against a state or state agency. *See McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1086 (5th Cir.1985). This immunity applies unless it is unequivocally waived by the state or abrogated by Congress in the area of a federally created right. *Karpovs v. Mississippi*, 663 F.2d 640, 643–44 (5th Cir. 1981). The Trustee argues that the State waived its immunity by filing in state court a suit that was otherwise removable. This argument must fall. If a state wishes to waive its Eleventh Amendment immunity, it must do so clearly and unequivocally. *Dagnall v. Gegenheimer*, 645 F.2d 2, 3 (5th Cir.1981). Louisiana has not. In fact, Louisiana has expressly asserted its immunity in Section 13:5106 of its Revised Statutes. La.Rev.Stat. Ann. § 13:5106 (West 1991). The Fifth Circuit has read this section as depriving state attorneys of any authority to waive Eleventh Amendment immunity or to consent to suit in federal court. *Dagnall*, 645 F.2d at 3–4. Thus, this court would be without jurisdiction even if counsel for the state had consented to the removal.

██ The Trustee also argues that the State has waived its immunity under the terms of section 106 of the Bankruptcy Code. 11 U.S.C. § 106. Section 106 allows federal jurisdiction over a state in three narrow situ-

ations arising in bankruptcy proceedings. We can summarily reject subsection (c) as a possible basis for jurisdiction here because it does not abrogate Eleventh Amendment immunity. Subsection (c) provides only for the recovery of declaratory and injunctive relief against states, not monetary awards such as the $28 million sought here. *See Hoffman v. Connecticut Dep't of Income Maintenance,* 492 U.S. 96, 104, 109 S.Ct. 2818, 2824, 106 L.Ed.2d 76 (1989); *see also United States v. Nordic Village, Inc.,* 503 U.S. 30, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).

■■■ Subsections (a) and (b) provide for waivers of immunity where the state files a proof of claim in the bankruptcy proceeding. *See Hoffman,* 492 U.S. at 101, 109 S.Ct. at 2822–23. Both are narrow in scope. *Id.* Although subsection (a) allows for monetary damages, it "carefully limits the waiver of sovereign immunity under that provision, requiring that the claim against the governmental unit arise out of the same transaction or occurrence as the governmental unit's claim." *Id.* at 101–02, 109 S.Ct. at 2823. In other words, it allows "a party to bring a compulsory counterclaim once the government has filed a proof of claim." *Ashbrook v. Block,* 917 F.2d 918, 923 (6th Cir.1990). Subsection (b) allows for jurisdiction over permissive counterclaims, but only for set-off against the state's claim in bankruptcy, not for affirmative recovery. *See In re Graham,* 981 F.2d 1135, 1141 (10th Cir.1992). It is "a narrow waiver of sovereign immunity, with the amount of the offset limited to the value of the governmental unit's allowed claim." *Hoffman,* 492 U.S. at 102, 109 S.Ct. at 2823.

■■■ The Trustee argues that the claims filed by the State in this suit constitute an "informal proof of claim" and therefore trigger section 106(a) waiver. We disagree. Only the Ninth Circuit has chosen to read section 106(a) so expansively as to waive the Eleventh Amendment where the state has filed no claim in the bankruptcy proceedings. *See In re Town & Country Home Nursing Serv., Inc.,* 963 F.2d 1146 (9th Cir.1992). In *Town & Country,* the Ninth Circuit refused to construe strictly section 106, opting instead for the liberal approach used by the Supreme Court to construe the Federal Tort Claims Act in *Block v. Neal,* 460 U.S. 289, 298, 103 S.Ct. 1089, 1094, 75 L.Ed.2d 67 (1983). *See Town & Country,* 963 F.2d at 1151–52. The court found that where the state's actions demonstrate an intent to assert a claim against the estate, immunity is waived under section 106(a), even if no document is filed in bankruptcy court. *Id.* at 1153. We decline to adopt this expansion of section 106. In *Nordic Village,* the Supreme Court expressly rejected use of the *Block v. Neal* approach to construe § 106, adhering instead to "the traditional principle that the Government's consent to be sued 'must be "construed strictly in favor of the sovereign" and not "enlarge[d] ... beyond what the language requires." ' " 503 U.S. at ——, 112 S.Ct. at 1015 (alterations in original) (citations omitted). Under this traditional approach, subsection (a) waives the state's immunity only as to counterclaims arising out of the same transaction as the claim filed by the state in the bankruptcy proceeding.

■■■ The only formal claim filed by the state in Public Investors' bankruptcy proceedings is a claim for unpaid taxes filed by the Department of Revenue and Taxation. Because the Trustee's claim here is wholly unrelated to these past-due taxes, this does not help the Trustee under subsection (a). The tax claim will allow us, however, to reach the merits of the Trustee's claim under subsection (b). *See Ashbrook,* 917 F.2d at 924.

■■■ Having determined that we have jurisdiction to hear the Trustee's claim, we now turn to the State's argument that the Trustee fails to state a claim for which relief may be granted. When considering a motion to dismiss for failure to state a claim, we must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). The Trustee argues that he has stated claims under theories of negligence, detrimental reliance, and breach of fiduciary duty. The State contends that the complaint should be dismissed because it seeks to impose liability on the basis of discretionary acts for which the State is statutorily immune. We agree.

Under section 9:2798.1 of Louisiana's Revised Statutes, the State cannot be held liable for the policy-making or discretionary acts of its officials and employees unless these acts are not reasonably related to the governmental objective for which the discretionary power exists or the acts constitute criminal, willful, or reckless misconduct. La. Rev.Stat.Ann. § 9:2798.1(B) and (C) (West 1991). In *Fowler v. Roberts*, 556 So.2d 1 (La.1989), the Louisiana Supreme Court concluded that the discretionary acts immunity established by section 9:2798.1 is essentially the same as the discretionary acts exception to the Federal Tort Claims Act. *Id.* at 15. Consequently, the court adopted the Supreme Court's two-prong *Berkovitz* test for determining whether the exception applies. *Id.* Under this test, the court should first determine whether the state employee had an element of choice or whether he violated a statute, regulation, or policy specifically prescribing a mandatory course of action. If the employee did not have an element of choice, then the immunity does not apply. *Id.* If the act was discretionary (no mandatory policy was violated), then the court must next determine whether the discretionary act was related to public policy considerations. *Id.*; *see Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). If the discretionary act at issue was unrelated to public policy, then the immunity does not apply. *Fowler*, 556 So.2d at 15.

Here, the Trustee seeks to hold the State liable for the failure of unnamed state officials and employees "to diligently perform their duties and fulfill their promises in a timely fashion." Specifically, the Trustee alleges that the State is liable for: (1) not preventing out-of-state distributions of proceeds from Public Investors' sale of two insurance companies; and (2) for allowing Public Investors to purchase certain over-priced real estate. Although the complaint fails to specify which individuals or even which branch of state government breached a duty, it must be directed to the Department of Insurance. As to any other arm of the State, the complaint would be so vague as to fail to give notice.

Applying the *Fowler–Berkovitz* test, we find that the complaint fails to allege any act that would fall outside the discretionary acts immunity of section 9:2798.1. First, the complaint alleges no violation of any mandatory statute, regulation, or policy. In his opposition papers, the Trustee attempts to correct this shortcoming by pointing to section 22:733 of Louisiana's Revised Statutes. La.Rev.Stat.Ann. § 22:733 (West 1978 & Supp.1993). The Trustee contends that once the Commissioner of Insurance finds an insurance company to be insolvent, the decision to rehabilitate or liquidate becomes a "ministerial act" that must be performed under section 22:733. A careful reading reveals this as a misstatement of the statute. Section 22:733 provides that when any of a number of given conditions exist, the Commissioner "*may*" petition the proper court for rule to show cause why an order to rehabilitate, conserve, liquidate, or dissolve the company should not be entered. *Id.* Even in the Seventh Circuit case relied on by the Trustee, the relevant holding turned on the fact that the statute prescribing the state official's duties used the term "shall," thus leaving the official no element of discretion. *Tcherepnin v. Franz*, 570 F.2d 187, 194 (7th Cir.1978), *cert. denied, First Nat'l Bank & Trust Co. v. Berke*, 439 U.S. 876, 99 S.Ct. 214, 58 L.Ed.2d 190 (1978). Section 22:733, on the other hand, prescribes no mandatory action. Nor can the Trustee point to any mandatory requirement violated by the state.

The second inquiry of the *Fowler* test is likewise resolved easily in favor of immunity. The duty of the Commissioner of Insurance and his subordinates in the Department of Insurance is to administer the provisions of the Louisiana Insurance Code. *See* La.Rev.Stat.Ann. § 22:2(A) (West 1959 & Supp.1993). The stated purpose of the Insurance Code is to regulate the business of insurance in the public interest. *Id.* Since the Trustee alleges no "facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime," we can only presume that the Department's actions were grounded in the public policy expressed in the Insurance Code. *See United States v. Gaubert*, 499 U.S. 315,

323–26, 111 S.Ct. 1267, 1274–75, 113 L.Ed.2d 335 (1991) (finding regulatory actions of Federal Home Loan Bank Board within discretionary acts exception of FTCA). Thus, the Trustee fails to allege any breach of duty by the State that is not protected by the discretionary acts immunity of section 9:2798.1. As for the detrimental reliance claim, the Trustee fails to allege any promise made by any state official or employee. Consequently, the complaint fails to state a claim against the State for which relief can be granted. In light of this holding, we need not address the standing issue raised by the State.

In addition to seeking dismissal of the Trustee's counterclaim, the State moves for abstention and remand of the entire case under 28 U.S.C. § 1334(c)(1) or (2). Since filing this motion, however, the State has indicated by letter to this court and opposing counsel that it intends to dismiss its claims voluntarily. We therefore pretermit ruling on the abstention question pending this dismissal. If for some reason the State decides not to submit the promised motion to dismiss, it may renew the motion for abstention at that time.

We now direct our attention to the motions by defendants Aucoin, Herron, and Lafont to dismiss the State's complaint against them under Rule 4(j) of the Federal Rules of Civil Procedure. Given that the State has no opposition to dismissal as to these defendants without prejudice, we see no reason why the motions should not be granted.

For these reasons, the State's motion to dismiss Public Investors' counterclaim is GRANTED, and all claims by Public Investors, Inc. against the State are hereby DISMISSED. Motions by defendants Leonard Aucoin, Joel Herron, and Dennis Lafont to dismiss the State's claims against them are GRANTED, and all claims by the State against these three defendants are hereby DISMISSED WITHOUT PREJUDICE.