**Raymond VARNADO**

v.

**Michael HEGMANN, MD, et al.**

No. Civ.A. 01–1042–A.

United States District Court,
M.D. Louisiana.

June 14, 2002.

June E. Denlinger, Melanie Sue Fields, Nordyke & Denlinger, Baton Rouge, LA, for plaintiffs.

Robert S. Leake, La. Dept. of Justice, Baton Rouge, LA, for defendants.

**RULING ON MOTION**

JOHN V. PARKER, District Judge.

This matter is before the court on motion by the defendant, the State of Louisiana to reconsider[1] (doc. 17) this court's ruling, which granted the plaintiff's motion to remand (doc. 3). This motion is opposed by the plaintiff.

On February 27, 2002, this court granted the plaintiff's motion to remand (doc. 3). The court's ruling concluded that the Attorney General of the State of Louisiana was not authorized to waive the Eleventh Amendment right of the State of Louisiana and held that Louisiana did not waive its Eleventh Amendment immunity from suit in federal court. Further, in conclusion, the court stated Louisiana has not waived its Eleventh Amendment immunity and, therefore, this court is without jurisdiction citing *Dagnall v. Gegenheimer*, 645 F.2d 2 (5th Cir.1981).

Subsequently, on May 13, 2002 the Supreme Court decided *Lapides v. Board of Regents of the University System of Georgia, et al.*, —— U.S.——, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), which entailed various state and federal claims against the Board of Regents of the University System of Georgia and university officials acting in their personal capacities and as agents for the State of Georgia. The plaintiff, Lapides, commenced the original lawsuit in a Georgia state court, and the defendants removed the case to federal court. The State of Georgia argued that, by virtue of the Eleventh Amendment, it

---

1. The motion is actually captioned "Motion For Rehearing." The Federal Rules of Civil Procedure do not provide for "rehearing" in district courts. In accordance with Rule 8(f) the court will accept the pleading as a "motion for reconsideration" which also is not found in the rules but is in popular use in federal courts these days.

remained immune from suit in federal court. The district court rejected this argument and ruled that by voluntarily removing the case from state to federal court, Georgia waived its Eleventh Amendment immunity. Georgia appealed the district court's ruling. ·

On appeal, the court, 251 F.3d 1372 (11th Cir.2001), reversed the district court and reasoned Georgia law was unclear as to whether the attorney general for the State of Georgia possessed the legal authority to waive the state's Eleventh Amendment immunity. That being so, the court reasoned, Georgia retained the legal right to assert Eleventh Amendment immunity, even after removal.

Certiorari was granted. See —— U.S. ——, 122 S.Ct. 456, 151 L.Ed.2d. 375 (2001). The Court "agreed to decide whether 'a state waives its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court.'" In the decision Justice Breyer reasoned that "[i]t would seem anomalous or inconsistent for a state both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand." The Court further stated, "a Constitution that permitted States to follow their litigation interest by freely asserting both claims in the same case could generate seriously unfair results." The Court "made clear that 'where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Elev-enth Amendment'", citing *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273 at 284, 26 S.Ct. 252, 50 L.Ed. 477 (1906); (Emphasis in the original). The Court concluded that the State of Georgia[2] voluntarily invoked federal court jurisdiction when it voluntarily removed the case to federal court. Citing 28 U.S.C. § 1446(a); *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900) (removal requires the consent of all defendants).

Initially, the court questioned the significance of the "unclear" authority of Georgia's attorney general to waive Georgia's Eleventh Amendment immunity. The issue of the attorney general's actual authority to waive the State's immunity became significant because Louisiana law makes clear that no attorney for the State of Louisiana has the authority to waive the State's Eleventh Amendment immunity. See La.R.S. 13:5106; *Dagnall v. Gegenheimer*, 631 F.2d 1195 (5 Cir.1980); *as amended*, 645 F.2d 2 (5 Cir.1981); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1086 (5th Cir.1985); *AT & T v. Madison Parish Police Jury*, 465 F.Supp. 168 (W.D.La. 1977); *Louisiana ex rel. Guste v. Public Investors Life Ins. Co.*, 866 F.Supp. 301 (W.D.La.1993); *Gremillion v. State of Louisiana*, 151 L.Ed.2d. 375 (La.App. 1st Cir.1972); *Lezina v. Fourth Jefferson Drainage Dist.*, 190 So.2d 97 (La.App.4th Cir.1966); *Preuett v. State of Louisiana*, 96 So.2d 396 (La.App.2d.Cir.1953), all of which led this court to conclude that Louisiana's attorney general lacks the authority to waive Louisiana's immunity and did not waive the Eleventh Amendment immunity by removing this case to federal court.

2. Georgia has a statute, similar to Louisiana's that waives immunity for suits in state court only.

 

In *Montgomery v. Maryland*, —— U.S. ——, 122 S.Ct. 1958, 152 L.Ed.2d 1019 (2002), the Court granted *certiorari,* vacated the lower court judgment and remanded the matter to the Fourth Circuit for consideration under *Lapides.* In *Montgomery v. Maryland,* 266 F.3d 334 (4th Cir.2001), the court of appeals reasoned, as this court did, that "since the Maryland court and legislature have been so explicit in denying the attorney general the power to consent to suits against the state in its own courts, *a fortiori* he may not consent to suits against the state in federal court which would otherwise be barred by the [E]leventh [A]mendment." *Id.* at 338. Further, the court concluded "an attempt by the [a]ttorney [g]eneral to waive sovereign immunity ... cannot be binding on the state." *Id.* at 339.

Plaintiffs in their opposition to the present motion for reconsideration refer to this court's ruling of February 27, 2002 as "carefully written." The court thought so, too, at that time. The Supreme Court has now spoken, however, and that carefully written ruling is inconsistent with the Court's current teachings.

Because of that binding precedent the motion for the State of Louisiana for reconsideration (doc. 17) is hereby GRANTED and the ruling dated February 27, 2002 (doc. 13) is hereby VACATED.

Having reconsidered the motion to remand filed by plaintiffs (doc. 3), the court hereby DENIES the motion.

The court will retain this action exercising federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims, including state law claims against the State of Louisiana. *Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 118 S.Ct.2047, 141 L.Ed.2d. 364 (1998).

Accordingly, the defendant's motion (doc. 17) is hereby GRANTED.