Ernest K. LEVY

v.

**OFFICE OF THE LEGISLATIVE AUDITOR, et al**

No. CIV.A. 04–195–B–2.

United States District Court, M.D. Louisiana.

March 28, 2005.

Joseph Jerome Long, Baton Rouge, LA, for plaintiff.

David Glen Sanders, Baton Rouge, LA, Houston T. Penn, Baton Rouge, LA, for defendants.

## RULING

POLOZOLA, Chief Judge.

The Court, on its own motion, asked the parties to brief the following issues:

1. Was this case properly removed to federal court?

2. Does this Court have subject matter jurisdiction?

3. Should the Court maintain jurisdiction over the state law claims in this case under 28 U.S.C. § 1367?

4. Is qualified immunity an issue in this case?

The Court also has to determine whether the Office of the Legislative Auditor is a person within the meaning of 42 U.S.C. § 1983 and *Will v. Michigan Department of State Police, et al.*[1]

### Was this case properly removed?

Plaintiff originally filed this suit in the Nineteenth Judicial District Court against the Office of the Legislative Auditor, Grover Austin, and Darryl Purpera pursuant to 42 U.S.C. § 1983. Plaintiff alleged that his First Amendment claims were violated by the defendants' actions. Plaintiff also asserted various claims under state law. The defendants timely removed this case to federal court claiming the Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. The defendants also requested that the Court assert supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

After a conference and because of the Court's concern about its subject matter jurisdiction and the state's right to claim sovereign immunity under the Eleventh Amendment to the U.S. Constitution, the Court asked the parties to brief the issues set forth earlier in this opinion. The Court now turns to a discussion of whether it has subject matter jurisdiction and

---

1. 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

whether the defendant's removal constitutes a waiver of its Eleventh Amendment defense.

### A. Law and Analysis

■ 28 U.S.C. § 1441 provides the procedure for removal generally. The statute specifically states, among other provisions, that:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The plaintiff in this case has alleged both state and federal claims. Specifically, the plaintiff claims the following regarding his office's policy of "wearing the hat of the office" at all times except when he was at home, alone:

This policy, as applied, allows for arbitrary and capricious enforcement, unfettered discretion, and certain potential for abuse. It is in violation of the First Amendment to the United States Constitution, which guarantees freedom of speech, right to privacy, and freedom of association, as well as Article I, Section V, Right to Privacy and Article I, Section VII, Freedom of Expression, expressly guaranteed in the Louisiana Declaration of Rights.[2]

The plaintiff further alleges that the actions of the defendants were violations of 42 U.S.C. §§ 1983 and 1988. Clearly the statutes under which the plaintiff urges violations are within the jurisdiction of this Court. Plaintiff also argues that the defendants' actions were violative of Louisiana Civil Code Art. 2315. Since this Court has subject matter jurisdiction over the actions alleged under 42 U.S.C. §§ 1983 and 1988, the state law claims can also be removed pursuant to 28 U.S.C. § 1441. Thus, the Court finds that removal was proper in this case.

### *Does this Court have subject matter jurisdiction?*

The issue the Court must determine is whether the Court has subject matter jurisdiction over the federal claims because of the state's Eleventh Amendment sovereign immunity defense. Defendants state that they are "[e]mpowered with the authority to remove such a case; this includes the State of Louisiana, through the Office of the Legislative Auditor, and by doing so waived its right to assert immunity under the Eleventh Amendment."[3] The defendants rely on the United States Supreme Court case of *Lapides v. Board of Regents of The University System of Georgia, et al.,*[4] which held that the defendant State's removal of a suit to federal court constituted waiver of its Eleventh Amendment immunity.

After discussing its prior cases involving this issue, the Supreme Court in *Lapides* stated:

[T]he State then voluntarily agreed to remove the case to federal court. In doing so, it voluntarily invoked the federal court's jurisdiction. And unless we are to abandon the general principle just stated, or unless there is something special about removal or about this case, the general legal principle of requiring waiver ought to apply.[5]

---

2. Rec. Doc. No. 1.

3. Rec. Doc. No. 43.

4. 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).

5. *Lapides, supra* note 4, at 620, 122 S.Ct. 1640. [internal citations omitted.]

The Supreme Court went on to explain that, although the defendant in *Lapides* argued that there must be a "clear indication" of the State's intent to waive sovereign immunity, that "relevant 'clarity' here must focus on the litigation act the State takes to create the waiver. And that act-removal-is clear." [6]

The plaintiff contends that this Court lacks subject matter jurisdiction over this case because the Louisiana Attorney General lacked the authority to waive the state's Eleventh Amendment sovereign immunity defense without express consent by the Louisiana legislature. [7] Thus, plaintiff contends that since the Attorney General could not waive the sovereign immunity defense, the removal was improper.

In support of his argument, plaintiff attempts to distinguish the *Lapides* case as follows:

> Defendants incorrectly cite *Lapides* for the premise that a State has the authority to waive its sovereign immunity under the Eleventh Amendment by removing a case from state to federal court through the office of Legislative Auditor. Defendants' incorrect assertion brings to light the primary question: In Louisiana, does the Attorney General have the right to waive the Eleventh Amendment Sovereign Immunity absent express consent from the legislature to do so? Because the answer to the primary question is no, we have no need to answer the question of whether the case was properly removed by the Attorney General. [8]

The plaintiff further relies on several Louisiana state cases and the Louisiana Constitution, which appear to provide that there is no power cited for the Attorney General to waive the State's Eleventh Amendment sovereign immunity. Thus, the plaintiff relies on *Dagnell v. Gegenheimer*, [9] *AT & T v. Madison Parish Police Jury*, [10] *Freimanis v. Sea–Land Service, Inc.*, [11] and *Magnolia Venture Capital Corporation v. Prudential Securities, et al.*, [12] to support his argument that the Attorney General, without legislative authority, does not have the power to waive Eleventh Amendment immunity on behalf of the state. According to the plaintiff, "neither the Office of Legislative Auditor, Grover Austin, Daryl Purpera, nor their attorney, the Attorney General for Louisiana, may waive Louisiana's Eleventh Amendment Sovereign Immunity and expose our state to a Federal Money Judgment." [13]

■ After a thorough review of the jurisprudence, the Court finds that the *Lapides* case is controlling. Thus, by removing the case to federal court, the State voluntarily waives its sovereign immunity defense. *Lapides* specifically held that the removal is a clear indication of a State's desire to waive its immunity. The plaintiff's argument regarding the Attorney General's authority to waive the State's Eleventh Amendment Immunity is without merit and is contrary to the holding in *Lapides*. In *Lapides*, the State of Georgia relied on *Ford Motor Co. v. Department of Treasury of Ind.*, [14] which has since been overruled, to support its argument that a State regained its immunity by showing

---

**6.** *Lapides, supra* note 4, at 620, 122 S.Ct. 1640.

**7.** Rec. Doc. No. 44.

**8.** *Id.*

**9.** 631 F.2d 1195 (5th Cir.1980).

**10.** 465 F.Supp. 168 (W.D.La.1977).

**11.** 654 F.2d 1155 (5th Cir.1981).

**12.** 151 F.3d 439 (5th Cir.1998).

**13.** Rec. Doc. No. 44.

**14.** 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389

such a lack of authority to waive Eleventh Amendment immunity, even after the State had litigated the case against it. The Supreme Court in *Lapides* rejected the State of Georgia's argument:

> [G]eorgia argues that state law, while authorizing its attorney general "[t]o represent the state in all civil actions tried in any court," [15] does not authorize the attorney general to waive the State's Eleventh Amendment immunity.[16] Georgia adds that in *Ford*, this Court unanimously interpreted roughly similar state laws similarly, that the Court held that "no properly authorized executive or administrative officer of the state has waived the state's immunity," [17] and that it sustained an Eleventh Amendment defense raised for the first time after a State had litigated a claim brought against it in federal court. That is to say, in *Ford* a state regained immunity by showing the attorney general's lack of statutory authority to waive-even after the State litigated and lost a case brought against it in federal court. Why then, asks Georgia, can it not regain immunity in the same way, even after it removed its case to federal court? The short answer to this question is that this case involves a State that *voluntarily* invoked the jurisdiction of the federal court, while *Ford* involved a State that a private plaintiff had *involuntarily* made a defendant in federal court. This Court consistently has found a waiver when a State's attorney general, authorized (as here) to bring a

case in federal court, has voluntarily invoked that court's jurisdiction.[18]

The Supreme Court in *Lapides* explained its reasoning as follows:

> Finally, Georgia says that our conclusion will prove confusing, for States will have to guess what conduct might be deemed a waiver in order to avoid accidental waivers. But we believe the rule is a clear one, easily applied by both federal courts and the States themselves. It says that removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter (here of state law) in a federal forum. As Justice KENNEDY has pointed out, once "the States know or have reason to expect that removal will constitute a waiver, then it is easy enough to presume that an attorney authorized to represent the State can bind it to the jurisdiction of the federal court (for Eleventh Amendment purposes) by the consent to removal." [19]

Thus, the Supreme Court found that the State of Georgia waived its Eleventh Amendment immunity by removing this suit to federal court.[20]

 The Fifth Circuit, in *Travis Pace v. The Bogalusa City School Board, Louisiana State Board of Elementary and Secondary Education, the Louisiana Department of Education, and the State of Louisiana*,[21] recently set forth the manner in which sovereign immunity can be waived. "First, a State's Eleventh

---

**15.** *Lapides, supra* note 4, citing Ga.Code Ann. § 45–15–3(6) (1990); see Ga. Const., Art. 5 § 3, Par. 4.

**16.** [internal citations omitted]

**17.** *Ford, supra* note 15, at 469, 65 S.Ct. 347.

**18.** *Lapides, supra* note 4 at 623, 122 S.Ct. 1640.

**19.** *Lapides, supra* note 4, citing *Wisconsin Dept. Of Corrections v. Schacht*, 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).

**20.** *Lapides, supra* note 4 at 624.

**21.** 403 F.3d 272 (5th Cir.2005), citing U.S. Const. amend. XIV, § 5 ("The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.")

Amendment Immunity may be *abrogated* when Congress acts under § 5, the Enforcement Clause of the Fourteenth Amendment.[22] Second, a state may *consent* to suit in federal court." [23]

It should be noted that since the *Lapides* decision, the Fifth Circuit has declined to examine the *Lapides* decision when the waiver argument has been raised for the first time on appeal.[24] To avoid that problem in this case, this Court had the parties brief the waiver issue during this stage of the proceedings. The Court now holds that the defendants have waived their Eleventh Amendment Immunity by removing the case to the United States District Court for the Middle District of Louisiana. Thus, this Court does have subject matter jurisdiction over the federal claims.

In his brief submitted to the Court in response to the Court's January 20, 2005, order, the plaintiff relies on the Louisiana Constitution, as well as several cases,[25] to support his argument that a State must expressly authorize a state agency or representative to waive the State's Eleventh Amendment Immunity. However, these cases are highly distinguishable from the case now before the court and none deal with the waiver-by-removal argument explained in *Lapides*.

It is important to note that the cases cited by the plaintiff were decided prior to *Lapides*, and make no mention of waiver-by-removal. The Office of Legislative Auditor, an arm of the State of Louisiana, has clearly indicated its intent to waive its Eleventh Amendment immunity by removing this suit to federal court. Such was the holding in *Lapides*, and this Court is bound to follow the Supreme Court's decision.

In further support of his argument, the plaintiff cites Louisiana Constitution, Article IV, § 8, which states:

Attorney General; Powers and Duties:

There shall be a Department of Justice, headed by the attorney general, who shall be the chief legal officer of the state. The attorney general shall be elected for a term of four years at the state general election. The assistant attorneys general shall be appointed by the attorney general to serve at his pleasure.

As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1)to institute, prosecute, or intervene in any civil action or proceeding; (2)upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3)for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.

---

**22.** *Id.*

**23.** The Fifth Circuit notes in a footnote here that "[t]he term 'abrogation' is not synonymous with 'consent' or 'waiver.' When a state consents to suit or waives its Eleventh Amendment immunity, it knowingly and voluntarily forfeits the immunity's protections. In contrast, when Congress acts under its Fourteenth Amendment power to *abrogate*, the state has no choice."

**24.** *Martinez v. Texas Department of Criminal Justice,* 300 F.3d 567 (5th Cir.2002); *Perez v. Region 20 Education Service Center,* 307 F.3d 318 (5th Cir.2002).

**25.** *Magnolia Venture Capital Corporation v. Prudential Securities, Inc.,* 151 F.3d 439 (5th Cir.1998); *Freimanis v. Sea–Land Service, Inc.,* 654 F.2d 1155 (5th Cir.1981); *American Telephone and Telegraph Company v. Madison Parish Police Jury,* 465 F.Supp. 168 (W.D.La. 1977).

The attorney general shall exercise other powers and perform other duties authorized by this constitution or by law.[26]

Plaintiff argues that the Louisiana Constitution "does not expressly grant the power to waive its Eleventh Amendment Sovereign Immunity to any entity that lacks explicit legislative authority."[27]

However, plaintiff fails to cite or discuss a recent case from the Middle District of Louisiana which is almost identical to the facts in this case. In *Varnado v. Hegmann, MD,*[28] the plaintiff initiated suit in state court against the State of Louisiana and others. The defendants removed the action to federal court, and the district court granted the plaintiff's motion to remand, finding that the State's Attorney General lacked authority to waive the State's Eleventh Amendment immunity. However, after the Supreme Court rendered its decision in *Lapides*, the district court granted the State's motion to reconsider and concluded that "[t]he Supreme Court has now spoken," and that the "binding precedent" of the United States Supreme Court dictated a denial of the motion to remand.[29] It should be noted that many of the cases cited by Levy were also cited by Varnado in his motion to remand.

Thus, this Court finds it has subject matter jurisdiction in this case and the Office of the Legislative Auditor has waived its Eleventh Amendment immunity by removing this suit to federal court.

### Is the Office of the Legislative Auditor a person within the meaning of 42 U.S.C. § 1983?

■ Having found that the Court has federal question jurisdiction over the federal claims asserted herein and that the state agency has waived its Eleventh Amendment immunity by voluntarily removing this suit to federal court, the Court must now determine whether the Office of the Legislative Auditor is a person within the meaning of 42 U.S.C. § 1983. The Supreme Court's decision in *Will v. Michigan Department of State Police, supra,* answers this question in the negative. There is no dispute that the Office of the Legislative Auditor is a state agency. It is also clear that the Supreme Court in *Will* found that the State and its agencies were not persons within the meaning of 42 U.S.C. § 1983. Therefore, the Office of the Legislative Auditor must be dismissed without prejudice as a defendant in this case on the federal claims.

### Should this Court maintain jurisdiction under 28 U.S.C. § 1367?

■ This Court has the discretion to maintain supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. However, the Court does not believe it is in the interest of justice or judicial economy to do so. The state law claims are based on legal principles that are substantially different from the § 1983 claims. While the agency may be sued directly on the state law claims and may be held liable on the basis of respondeat superior on these state law claims, it may not be sued directly on the § 1983 claim, and the doctrine of respondeat superior does not apply on the federal claims. The facts and legal principles on which the state law claims are based are substantially different than the federal claims. There is a definite possibility of juror confusion if the trial of both the state and federal claims are tried at the same time. Thus, the Court declines to exercise its discre-

---

**26.** (Emphasis added).

**27.** Rec. Doc. No. 44.

**28.** 211 F.Supp.2d 801 (M.D.La.2002)

**29.** *Id.,* at 803.

tion to hear the state law claims. Therefore, the state law claims are remanded to state court.

### Is qualified immunity an issue in this case?

■ The Court finds that qualified immunity was properly raised as a defense in the defendants' answer. Thus, the plaintiff must file a reply as required by the Fifth Circuit in *Schultea v. Wood,* 47 F.3d 1427 (5th Cir.1995). This reply shall be filed on or before April 7, 2005.

IT IS SO ORDERED.