VOISIN'S OYSTER HOUSE, INC., et al., Plaintiffs-Appellants,

v.

Jesse J. GUIDRY, Louisiana Department of Wildlife and Fisheries, and Louisiana Wildlife and Fisheries Commission, Defendants-Appellees.

No. 85–3673

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1986.

Duval, Funderburk, Sundbery & Lovell, James M. Funderburk, Houma, La., for plaintiffs-appellants.

Donald E. Puckett, Dept. of Wildlife & Fisheries, Baton Rouge, La., for defendants-appellees.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Appellants brought suit against the Louisiana Department of Wildlife and Fisheries (the Department), the Louisiana Wildlife and Fisheries Commission (the Commission), and Jesse Guidry (Guidry), Secretary of the Department, under 42 U.S.C. § 1983, claiming that appellees had violated their constitutional rights and had discriminated against them by denying them oyster leases. Appellees moved for summary judgment, claiming that they were immune from suit under the Eleventh Amendment. The district court granted appellees' motion. We determine that appellees are immune from suit under the Eleventh Amendment; however, the proper disposition of the case is not judgment on the merits, but dismissal for lack of subject matter jurisdiction. Accordingly, we remand to the district court with instructions to dismiss for lack of subject matter jurisdiction.

### Facts and Proceedings Below

Appellants, Voisin's Oyster House, Inc., Wilson's Oysters, Inc., and their respective sole shareholders, Wilson P. Voisin, Sr. and Wilson P. Voisin, Jr., are oyster fishermen in Louisiana. In 1963, the Department closed off (red-lined) certain portions of Lake Mechant to the private leasing of water bottoms for oyster purposes. In 1982, appellants filed an application with the Department for an oyster lease in Lake Mechant. The application was suspended five weeks later.

After pursuing certain state administrative actions, appellants filed this suit under 42 U.S.C. § 1983. Appellants alleged that others had been granted leases in the lake since the red-lining and that the red-lining of Lake Mechant was a scheme to benefit certain other oyster fishermen to the detriment of fishermen such as appellants. Appellants claimed that this action was arbitrary and capricious, discriminated against them, was taken under color of state law, and violated their rights under the Fifth and Fourteenth Amendments to the United States Constitution. Appellants claimed that they had been deprived of their property rights and constitutional privileges and immunities. They claimed damages of three million dollars from deprivation of their right to plant and harvest oysters and one hundred thousand dollars for surveying fees for the lease and attorneys' fees. No other relief was sought.

Appellees moved for summary judgment, alleging that there were no genuine issues of material fact and that all defendants were immune from suit in federal court under the Eleventh Amendment to the Constitution. The district court found that the Eleventh Amendment barred suit against appellees and granted their motion for summary judgment. Appellants bring this appeal.

### Discussion

The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department.[1] *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Claims

---

1. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State."

under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 1146–47, 59 L.Ed.2d 358 (1979). Section 1983 does not override the Eleventh Amendment bar, *id.; see also Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069 (5th Cir.1981) (section 1981). Therefore, if appellees are alter egos of the state, they are immune from suit in federal court. Because the analysis for determining Eleventh Amendment immunity is somewhat different for agencies and state officials, we will discuss the Department's and the Commission's immunity first, and then Guidry's immunity.

*State Agency Immunity*

▆ The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Krempp v. Dobbs,* 775 F.2d 1319, 1321 (5th Cir.1985). In determining whether an entity is entitled to Eleventh Amendment immunity, we "must examine the particular entity in question and its powers and characteristics as created by state law...." *Laje v. R.E. Thomason General Hospital,* 665 F.2d 724, 727 (5th Cir.1982). One of the factors we look at in determining whether an agency is an arm of the state and thus entitled to Eleventh Amendment immunity is whether the state statutes and case law view the agency as an arm of the state. *Jacintoport Corp. v. Greater Baton Rouge Port Commission,* 762 F.2d 435, 438–40 (5th Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 797, 88 L.Ed.2d 774 (1986); *United Carolina Bank v. Board of Regents,* 665 F.2d 553 (5th Cir.1982).

According to Louisiana statutes, the Department is a part of the executive branch of the state government, La.Rev.Stat.Ann. § 36:4 (West 1985), and the Commission is part of the Department. La.Rev.Stat Ann. § 36:610 (West 1985). In its statutes, Louisiana treats all executive departments the same, La.Rev.Stat.Ann. § 36:4(A), and provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La.Rev.Stat.Ann. § 13:5106(A) (West Supp.1986). *See Fireman's Fund Insurance Co. v. Department of Transportation and Development,* 792 F.2d 1373 (5th Cir.1986) (holding that a similar executive department had Eleventh Amendment immunity and implying that all Louisiana executive departments have such immunity). The Louisiana Supreme Court has held "[i]f the office is created by the legislature, or is established in the first instance by the constitution, it is a state office." *Mullins v. Louisiana,* 387 So.2d 1151, 1152 (La.1980). The Department was created by the state legislature, La.Rev.Stat.Ann. § 36:601, and, therefore, the Louisiana courts would view the Department as part of the state.

▆ Another factor we consider is the source of the entity's funding, since an important goal of the Eleventh Amendment is the protection of state treasuries. *Jacintoport, supra; United Carolina Bank, supra.* Since the Department is part of the executive branch of the government, the legislature has direct control over the Department's funding through its power to amend the executive budget. La.Rev.Stat. Ann. § 39:42 (West Supp.1986). All funds available to the Commission are appropriated to it directly by the state legislature on an annual basis. La.Rev.Stat.Ann. § 56:10 (West Supp.1986). Funds collected by the Commission and the Department, with the exceptions set out in Article VII, Section 9(A) of the Louisiana Constitution of 1974,[2]

2. Article VII, section 9(A), of the Louisiana Constitution states:

"Section 9. **(A) Deposit in State Treasury.** All money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received:

"(1) as a result of grants or donations or other forms of assistance when the terms and conditions thereof or of agreements pertaining thereto require otherwise;

are paid into the State Treasury to be credited to the Bond Security and Redemption Fund. La.Rev.Stat.Ann. § 56:10. Some of these monies may eventually be deposited, by law, to the Conservation Fund to be used solely for the programs and purposes of the Commission and the Department. La.Rev.Stat.Ann. § 56:10. However, these monies are available only as appropriated by the legislature. Thus, the Commission and the Department are fiscally dependent upon the state. Furthermore, the Louisiana Constitution provides that judgments against state agencies will be paid only from funds appropriated for that purpose by the state legislature. La. Const. art. XII, § 10. It is clear that any judgment against the Department and the Commission would be paid from state funds.

■ Another relevant factor in determining Eleventh Amendment immunity is whether the entity is concerned with local or statewide problems. *Jacintoport, supra.* The Department and the Commission are charged with the control and supervision of all wildlife in the state, La.Rev.Stat. Ann. § 36:601–02 (West 1985), and thus clearly are concerned with statewide problems.

■ An entity's degree of authority independent from the state is also a factor. The Department is headed by a secretary who functions under the control and supervision of the governor and serves at the governor's pleasure. La.Rev.Stat.Ann. § 36:604. This indicates a lack of independence as to the Department. Members of the Commission are appointed by the governor and are confirmed by the state senate for one six-year term. La.Rev.Stat. Ann. § 36:601. Considering the relationship between the Department and the Commission, this factor does not point away

"(2) by trade or professional associations;
"(3) by the employment security administration fund or its successor;
"(4) by retirement system funds;
"(5) by state agencies operating under authority of this constitution preponderantly from fees and charges for the shipment of goods in international maritime trade and commerce; and

from Eleventh Amendment immunity as to the Commission.

■ Other factors we consider include whether the entity can sue and be sued in its own name and whether it has the right to hold and use property. Both the Department and the Commission can sue in their own names. La.Rev.Stat.Ann. §§ 36:602(A) (West 1985) & 56:5(A)(1) (West Supp.1986). The Department is authorized to acquire, hold, and use property. La.Rev.Stat.Ann. §§ 56:581, 56:612(3), & 56:795 (West Supp.1986). While these last two factors mitigate against an entity's being an alter ego of the state, they are not controlling, as the other factors (apart perhaps from that respecting independent authority, which is arguably more nearly neutral as to the Commission) indicate the Department and the Commission are alter egos of the state. Viewing all the factors as a whole, it is clear that both the Department and the Commission are alter egos of the state such that the Eleventh Amendment bars suit against them in federal court.

*Guidry*

■ ■ Appellants' complaint named Guidry as "a person of full age residing in the Eastern District of Louisiana." In their motion for summary judgment, defendants asserted that Guidry was sued "solely in his official capacity as Secretary of the Department," that "Guidry is sued in his official capacity only," and that hence the suit "is really a suit against the state" and any judgment would be paid by the state, so Eleventh Amendment immunity applied. In their response to this motion, plaintiffs did not dispute that the suit was against Guidry in his official capacity only. The district court expressly assumed

"(6) by a state board, agency, or commission, but pledged by it in connection with the issuance of revenue bonds as provided in Paragraph (C) of Section 6 of this Article, other than any surplus as may be defined in the law authorizing such revenue bonds."

and ruled that Guidry was being sued in his official, rather than individual, capacity.[3] Appellants have not challenged that determination, either below or on this appeal, and, therefore, we treat the suit as the district court did, namely, as against Guidry in his official capacity only. The Eleventh Amendment bars suit against a state official when "the state is the real substantial party in interest." *Pennhurst, supra,* 104 S.Ct. at 908 (quoting *Ford Motor Co. v. Department of the Treasury,* 323 U.S. 459, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)).

> "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Pennhurst, supra,* 104 S.Ct. at 908 n. 11 (quoting *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (citations omitted)).

Any judgment against Guidry in his official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. §§ 13:5108.1 & 13:5108.2 (West Supp.1986). Therefore, the suit against Guidry in his official capacity is really a suit against the state, and the Eleventh Amendment also bars such a suit against Guidry.

*Lack of Subject Matter Jurisdiction*

■ Appellants challenge the district court's summary judgment, claiming that there are disputed issues of fact. Appellants' argument is misplaced. The district court's decision was not based on the absence of any genuine issue of material fact, but rather on a lack of subject matter jurisdiction due to the Eleventh Amendment bar. While the basis of appellants' challenge is erroneous, there is a problem with the district court's mode of disposition. Here, the district court clearly ruled in its opinion that it lacked subject matter jurisdiction because the suit was in reality one against the State of Louisiana, and was hence barred by the Eleventh Amendment. However, in its Fed.R.Civ.P. 58 judgment, the court decreed "that the plaintiff take nothing, that the action be dismissed *on the merits*" (emphasis added). "A dismissal for want of jurisdiction bars access to federal courts and is *res judicata* only of the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court." *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1348 (5th Cir.1985). It is inconsistent for a district court to issue a judgment on the merits based on a finding that the court lacks subject matter jurisdiction. A decision issued by a court without jurisdiction over the subject matter is not conclusive of the merits of the claim asserted.[4]

■ Hence, the proper course of action for the district court would have been to treat the motion for summary judgment on the Eleventh Amendment immunity issue as a motion for dismissal for lack of subject matter jurisdiction.[5] Therefore, we

---

3. The district court's opinion granting defendants' motion for summary judgment recites that the suit is "against Jesse J. Guidry in his official capacity as Secretary of the Department of Wildlife and Fisheries for the State of Louisiana, the above-mentioned Department, and the Louisiana Wildlife and Fisheries Commission"; and, in its holding that the Eleventh Amendment bars the suit against Guidry, the court states that Guidry is being sued "solely in his official capacity as Secretary of the Department. As such, an award of retroactive monetary damages or back pay against him in his official capacity is barred because it necessarily would be paid from the state treasury. [Citations omitted.] The law is clear that such a suit is really a suit

against the State and it has an immunity from suit in federal court absent its express consent."

4. We observe that in this instance the jurisdictional issue—the status of the Department, its Secretary in his official capacity, and the Commission as essentially equivalent to the state itself for Eleventh Amendment immunity purposes—is wholly separate from and not intertwined with the merits of plaintiffs' cause of action.

5. A court may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed

remand to the district court with instructions to dismiss the case for lack of subject matter jurisdiction, the dismissal to otherwise be without prejudice.

## Conclusion

We determine that the Eleventh Amendment bars suit against the appellees in federal court, and uphold the district court's determination that it accordingly lacked subject matter jurisdiction. However, since the proper disposition of this case would be dismissal for lack of subject matter jurisdiction, rather than on the merits, we remand to the district court with instruction to dismiss for lack of subject matter jurisdiction.[6]

REMANDED.

facts plus the court's resolution of disputed facts. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Therefore, the district court did not err in considering the affidavits and other matters presented outside the pleadings. *See also* note 4, *supra.*

**6.** Our remand instructions are not of themselves intended to necessarily preclude the district court from allowing plaintiffs to amend to attempt to state a claim against Guidry in his individual capacity; whether such an amendment, if sought, should be allowed is a matter we leave to the district court in the first instance, and we intimate no opinion thereon nor as to the propriety, *from a timeliness point of view or otherwise,* of any such amendment.