Deborah KING, Plaintiff,

v.

The **MISSISSIPPI HIGHWAY PATROL** and Officer Jerome Jackson, Individually and as a Member of the Mississippi Highway Patrol, Defendant.

**Civ. A. No. E92–0048(L)(C).**

United States District Court,
S.D. Mississippi, E.D.

July 26, 1993.

Richard A. Frazer, III and Paul M. Sterbcow, New Orleans, LA, Nathan Lester Clark, Jr., Clark & Clark, Hattiesburg, MS, for plaintiff.

Geoffrey C. Morgan, James F. Steele, Mississippi Atty. Gen.'s Office, Jackson, MS, Charles W. Wright, Jr., Palmer, Wright & Williamson, Meridian, MS, for defendant.

**MEMORANDUM OPINION AND ORDER**

TOM S. LEE, District Judge.

On April 20, 1992, plaintiff Deborah King filed a complaint against the Mississippi Highway Patrol (MHP) and Officer Jerome Jackson, individually and in his official capacity as a patrol officer with MHP, seeking one million dollars in compensatory and punitive damages for alleged violations of her civil rights pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. This cause is now before the court on the motions of defendants to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, defendants seek dismissal on the ground that this court lacks subject matter jurisdiction to adjudicate any of the claims asserted in this action as a result of the immunity from federal court suit provided by the Eleventh Amend-

ment.[1] Plaintiff has responded to defendants' motions and the court has considered the memoranda of authorities submitted by the parties in ruling on the motions. For the reasons that follow, the court concludes that defendant MHP's motion to dismiss should be granted in its entirety, while the motion of defendant Jackson should be granted in part and denied in part.

MHP seeks dismissal contending that as an agency and department of the State of Mississippi, the Eleventh Amendment bars the bringing of this damages action against it in federal court. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 653, 94 S.Ct. 1347, 1351, 39 L.Ed.2d 662 (1974). Plaintiff argues, however, that this court should not dismiss MHP at this juncture because not all state-created or state-managed entities are immune from suit in federal court. Plaintiff points out in support of her position that the Fifth Circuit has stated:

> In determining whether a particular entity enjoys eleventh amendment immunity, this court engages in an analysis based upon six factors.

> > The relevant factors include: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*Darlak v. Bobear,* 814 F.2d 1055, 1059 (5th Cir.1987) (quoting *Minton v. St. Bernard Parish School Bd.,* 803 F.2d 129, 131 (5th Cir.1986)). According to plaintiff, under the factors enumerated above, factual issues exist as to whether MHP is entitled to Eleventh Amendment immunity, and therefore, dismissal at this time would not be proper. The court, however, in considering these fac-

tors as applied to the case *sub judice,* concludes otherwise.

■  Mississippi statutory law makes clear that MHP is an arm of the state. *See* Miss. Code Ann. § 45-1-2 (Supp.1992) (creating the MHP as part of the Mississippi Department of Public Safety); Miss.Code Ann. § 45-3-1 *et seq.* (1972) (statutory scheme setting out organization, administration and regulation of the MHP, as well as establishing its purpose and the powers and duties necessary to carry out that purpose). Further, as a branch of an executive department—the Mississippi Department of Public Safety—MHP receives its funding solely from the State of Mississippi. *See* Miss.Code Ann. § 45-1-2 (Supp.1992); Miss.Code Ann. § 45-1-23 (1972) ("The expenses of operating and administering the ... highway safety patrol ... shall be paid from monies appropriated for such purposes by the Mississippi Legislature."). It is also apparent that MHP is concerned with highway and traffic safety throughout the state, as opposed to being concerned with such problems on a local level only. *See* Miss.Code Ann. § 45-3-21 (Supp. 1992).

MHP is headed by the "Commissioner of Public Safety." Miss.Code Ann. § 45-1-2 (Supp.1992). The Commissioner is appointed by the governor with the advice and consent of the state senate. *Id.* He or she is under the control and supervision of the governor, and serves at the pleasure of the governor. *Id.* To supervise MHP, the Commissioner appoints a "head[ ] of office," who serves at the pleasure of the Commissioner. *Id.* Obviously, MHP has little or no autonomy as it is under the direct control of the executive branch of state government.

Manifestly, analysis of the first four factors supports a finding that MHP enjoys Eleventh Amendment immunity. As to the fifth and sixth factors, it appears that MHP, through the Mississippi Department of Public Safety, has the right to sue and be sued, *see Newman v. Stuart,* 597 So.2d 609 (Miss. 1992), but does not have the power to hold

---

1. Initially, Officer Jackson moved for dismissal in his official capacity only. Subsequently, however, he filed in his individual capacity a joinder to the motion to dismiss requesting that this

court dismiss the individual capacity claims against him on Eleventh Amendment grounds as well.

property separate from the state, *see* Miss. Code Ann. § 45-3-21 (Supp.1992). Nevertheless, these factors are not controlling when the other enumerated factors point to a finding of Eleventh Amendment immunity, as is the case here. *See Darlak*, 814 F.2d at 1060 (citing *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 187 (5th Cir.1986)).

In sum, the above analysis leads to the conclusion that MHP is an alter ego of the State of Mississippi and is therefore entitled to Eleventh Amendment immunity. Contrary to plaintiff's assertion, there are no factual issues precluding such a finding at this juncture. Hence, dismissal of all claims against MHP is in order.[2]

■ For these same reasons, dismissal of the federal and state claims against Officer Jackson in his official capacity is also required. In *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the United States Supreme Court held that because " 'a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents,' " *id.*, 473 U.S. at 169, 105 S.Ct. at 168 (quoting *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985)), the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity," *id.* (citations omitted). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Cory v. White*, 457 U.S. 85, 90, 102 S.Ct. 2325, 2328, 72 L.Ed.2d 694 (1982). However, though Officer Jackson is entitled to the immunity provided by the Eleventh Amendment as to plaintiff's official capacity claims, the Eleventh Amendment does not bar plaintiff's claims against him in his individual capacity. *See Graham*, 473 U.S. at 165–70, 105 S.Ct. at 3104–08. Officer Jackson's motion to dismiss plaintiff's official capacity claims will therefore be granted, but his motion to dismiss the individual capacity claims will be denied.

Based on the foregoing, it is ordered that the motion to dismiss of defendant Mississippi Highway Patrol is granted in its entirety. Further, the motion to dismiss of defendant Jackson is granted as to the official capacity claims against him but denied with respect to plaintiff's individual capacity claims.

ORDERED.

---

**2.** In addition to her claims under federal law, plaintiff has also alleged state law claims for simple assault and false imprisonment. Just as the Eleventh Amendment bars this court from granting monetary relief to plaintiff against MHP under her federal law claims, it likewise bars the granting of such relief under her supplemental state law claims as well. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121–23, 104 S.Ct. 900, 919–20 (1984).