Daniel CORREA and Marcelina Correa

v.

**THE CITY OF BAY CITY, Ronald Franklin Farmer D/B/A R.F. Farmer Construction Company, Randall–Porterfield Architects, Inc., Marine Inc., Texas Parks and Wildlife Department, The Department of Army Corps of Engineers, and the United States of America.**

No. Civ.A. G–97–378.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 23, 1997.

Sean Patrick Tracey, Jones and Tracey, Houston, TX, for Daniel and Marcelina Correa.

Steven D. Selbe, Cotton, Bledsoe, Tighe, and Dawson, Houston, TX, for City of Bay City.

Carl Robert Mace, Fulbright & Jaworski, Houston, TX, for Randall-Porterfield Architects, Inc.

Nathan Montgomery Rymer, Carlson and Smith, Houston, TX, for Marine, Inc.

Joseph M. Dunn, Office of Atty. Gen. of TX, Austin, TX, for TX Parks & Wildlife Dept.

Janet Craig, U.S. Attys. Office, Houston, TX, for Dept. of the Army Corps of Engineers.

### ORDER GRANTING MOTION TO DISMISS

KENT, District Judge.

Plaintiffs Daniel and Marcelina Correa bring this action against, *inter alia*, Defendant Texas Parks and Wildlife Department ("TPWD") under the Texas Tort Claims Act for injuries sustained by Daniel Correa when he dove off of a pier allegedly controlled by TPWD. Now before the Court is TPWD's Motion to Dismiss under FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, the Motion to Dismiss is **GRANTED.**

■ The Eleventh Amendment prohibits actions against an unconsenting state entity by one of its citizens or citizens of another state in federal court. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Stem v. Ahearn*, 908 F.2d 1, 3–4 (5th Cir. 1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). A state's Eleventh Amendment immunity to suit in federal court may be abrogated by Congress or expressly waived by the state. *Stem*, 908 F.2d at 4. A state's intention to waive sovereign immunity must be "unequivocally expressed." *Id.*

■ In this case, Plaintiffs have pled no abrogation or waiver of TPWD's Eleventh Amendment immunity. Plaintiffs' only argument in this regard is that Eleventh Amendment immunity is not applicable to TPWD because it is a self-sufficient entity. Plaintiffs cite *Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) for this proposition. *Hess* found that a discrete, financially self-sufficient entity created by constitutional compact among three sovereigns was not entitled to Eleventh Amendment immunity. The Court determined that allowing a self-sufficient entity to be subject to suit did not touch the core concerns that underpin the Eleventh Amendment: "the States' solvency and dignity." *Hess*, 513 U.S. at 52, 115 S.Ct. at 406.

*Hess* is not controlling in the case at bar because the facts show that TPWD is not a self-sufficient entity that collects its own revenues and pays its own debts. According to Defendant's Reply to Plaintiffs' Response to the Motion to Dismiss, TPWD is required to submit a biennial budget request to the Legislature for funding through the General Appropriations Act. Furthermore, all money paid to TPWD is deposited into the State Treasury. TEX. PARKS & WILD.CODE ANN. § 11.042 (Vernon 1991).

■ Moreover, whether the damage award will ultimately come out of the State Treasury is only one of six factors considered by the Fifth Circuit in determining whether an entity is entitled to Eleventh Amendment immunity as an arm of the state. The other five factors are: (1) whether state statutes and case law consider the agency as an arm of the state; (2) whether the entity is concerned with local or statewide problems; (3) the degree of authority independent from the

state; (4) whether the entity can sue and be sued in its own name; and (5) whether the entity has the right to hold and use property. *Voisin's Oyster House, Inc. v. Guidry,* 799 F.2d 183, 186–87 (5th Cir.1986); *Clark v. Tarrant County,* 798 F.2d 736, 744–45 (5th Cir.1986). Positive answers to the latter two inquiries mitigate *against* an entity's being an alter ego of the State and thus against Eleventh Amendment immunity. *Voisin's Oyster House,* 799 F.2d at 187.

TPWD is clearly a statewide agency, created by the laws of the state of Texas. TEX. PARKS & WILD.CODE ANN. § 11.011 (Vernon 1991). Its primary responsibility is "protecting the state's fish and wildlife resources." *Id.* § 12.0011. The Department is controlled by an executive director, who is appointed by and serves under the Texas Parks and Wildlife Commission, whose members are appointed by the Governor with the advice and consent of two-thirds of the Senate. *Id.* §§ 11.017, 11.012. TPWD is not authorized to bring suits in its own name to enforce the laws it administers; rather, it must file complaints in the name of the State of Texas. *Id.* § 12.105. All of the above factors favor a finding that TPWD is an arm of the State of Texas and is therefore entitled to Eleventh Amendment immunity. *See Voisin's Oyster House,* 799 F.2d at 185–87 (Louisiana Department of Wildlife and Fisheries and Louisiana Wildlife and Fisheries Commission are alter egos of the state such that Eleventh Amendment bars suit against them in federal court).

 Plaintiffs also argue in the alternative that the proper remedy for an Eleventh Amendment bar in federal court is to remand the matter to state court rather than dismiss the claims. The Fifth Circuit has held that the proper remedy for actions barred by the Eleventh Amendment is dismissal of the case, without prejudice, for lack of subject matter jurisdiction. *Voisin's Oyster House,* 799 F.2d at 188–89.

Plaintiffs cite *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) to support their request for remand. In *Carnegie–Mellon,* the Supreme Court held that a district court should have discretion to remand a case involving only pendent state law claims because it has discretion to hear such claims initially. The Court rejected an argument that remand in such cases was not discretionary because Congress had not explicitly provided for it in the removal statutes, 28 U.S.C. §§ 1441(c) and 1447(c). "[W]hen a court has discretionary jurisdiction over a removed state-law claim and the court chooses not to Exercise its jurisdiction, remand is an appropriate alternative." *Id.,* 484 U.S. at 354–55, 108 S.Ct. at 621. The reasoning of *Carnegie–Mellon* is not applicable to the present facts, because the Court does not have discretion to hear claims against a state agency that are barred by the Eleventh Amendment. Therefore, remand is not an option within the discretion of this Court, and dismissal is the appropriate remedy.[1] Accordingly, Defendant Texas Parks & Wildlife Department's Motion to Dismiss is hereby **GRANTED**, and all claims against such Defendant are **DISMISSED WITHOUT PREJUDICE.**[2] All parties are **ORDERED** to bear their own costs and attorney's fees incurred to date.

**IT IS SO ORDERED.**

---

1. There is no other basis by which the Court has discretion to remand the pendent state law claims asserted against TPWD. As noted in *Carnegie–Mellon,* "Sections 1441(c) and 1447(c) ... do not apply to cases over which a federal court has [supplemental] jurisdiction." *Carnegie–Mellon,* 484 U.S. at 355 n. 11, 108 S.Ct. at 621 n. 11.

2. The Court notes that no other party has yet moved for dismissal of this case. It is doubtful that such a motion by any other Defendant would be granted, given that this case is suffused with factual nuances regarding the potential liability of the different Defendants. However,

Plaintiffs should take note that the Court is genuinely distressed at the apparent lack of responsibility possessed by anyone who would dive into a river without first confirming the depth. The fact that serious injury resulted is profoundly regrettable, but does not alter legal perceptions of applicable culpability. Such conduct exhibits a marked failure to provide for one's own safety, and smacks of prima facie contributory negligence. Accordingly, the Court strongly suggests that the Plaintiffs take a realistic view toward an amicable settlement in this case.