**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-30430
_____

JOHN POULLARD,

Plaintiff-Appellee,

versus

JOSEPH TURNER, Captain; LONNIE EDMONDS, Lieutenant;
MICHAEL LEVATINO, Lieutenant; DON THAMES, Sergeant; and
MICHAEL LOGAN, Sergeant,

Defendants-Appellants.

Appeal from the United States District Court
for the Middle District of Louisiana
(94-CV-777)

June 7, 1999

Before REAVLEY, JOLLY and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:

Joseph Turner, Lonnie Edmonds, Michael Levatino, Don Thames, and Michael Logan ("the defendants"), appeal the denial of their motion for summary judgment asserting Eleventh Amendment immunity. We affirm.

John Poullard, a Louisiana inmate, filed suit against the defendants, all of whom are Louisiana correctional officers, in their "[i]ndividual and [p]ersonal" capacities. He alleged that Turner, Edwards, and Levatino beat him in retaliation for lawsuits that he was prosecuting, and that Thames

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

and Logan failed to stop the beating.  Based on his allegations, Poullard asserted that the defendants had transgressed the Eighth Amendment's prohibition against cruel and unusual punishment, and had committed the intentional tort of battery, in violation of state law.[1]

The defendants filed a motion for summary judgment on the battery claim.[2]  The Magistrate Judge, to whom the district court had referred all pretrial matters, recommended denial of the motion. The defendants objected.  The district court overruled the objection, and denied the motion for summary judgment.  The defendants timely appealed.[3]

We review the district court's refusal to grant the defendants Eleventh Amendment immunity *de novo*.[4]  *See Ussery v. Louisiana ex rel. La. Dep't of Health & Hosps.*, 150 F.3d 431, 434 (5th Cir. 1998), *cert. dismissed*, ___ U.S. ___, 119 S. Ct. 1161, ___ L. Ed. 2d ___ (1999).  The Eleventh Amendment bars suits in federal court against state officials where the state is the real, substantial party in interest.  *See Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990).  The state is the real party

---

[1]    Under Louisiana law, a battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987).

[2]    The defendants filed a "Statement of Undisputed Facts" in support of their motion for summary judgment.  *See* M.D. LA. R. 2.09 (1996).  The Statement recited that Pollard was a Louisiana inmate and that each of the defendants was an employee of the Louisiana Department of Public Safety and Corrections.  Because Poullard did not object, the facts in the Statement were deemed admitted.  *See* M.D. LA. R. 2.10 (1996).  Besides the Statement, the Magistrate Judge examined the allegations in Poullard's complaint in reviewing the motion for summary judgment. On appeal, the defendants also point to the pretrial orders, which respectively lay out each side's version of events.

[3]    The defendants' appeal concerns a non-final decision.  The collateral order  doctrine provides us with jurisdiction to hear their appeal.  *See Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (appeal of non-final decision on Eleventh Amendment immunity).

[4]    We have characterized Eleventh Amendment immunity as an issue of subject-matter jurisdiction.  *See United States v. Texas Tech Univ.*, 171 F.3d 279, 286 n.9 (5th Cir. 1999). Consequently, we have held that a motion to dismiss for lack of subject-matter jurisdiction, not a motion for summary judgment, is the proper vehicle for raising an Eleventh Amendment defense.  *See Voison's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986).  The defendants have failed to heed this holding in raising their Eleventh Amendment defense in a summary judgment motion. This mistake causes no difficulty. We, like the Magistrate Judge and district court apparently did, treat the motion for summary judgment as a motion to dismiss for lack of subject-matter jurisdiction based on the complaint's allegations and the undisputed facts.  *See id.* at 188 n.5.

in interest if the decision rendered in a case will operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the state to act or refrain from acting. *See id.* at 378. Under this reasoning, a claim that a state official violated state law in carrying out his official responsibilities is a claim against the state. *See id.* Therefore, when a plaintiff accuses a state official of violating state common law when acting in the acting in the course and scope of their employment, the Eleventh Amendment prevents him from raising the claim in federal court regardless of whether he seeks damages or injunctive relief, and regardless of whether he invokes the court's original or supplemental jurisdiction. *See id.* We look to state law to determine if a state official's conduct is within the course and scope of his employment. *See id.* at 379; *Goss v. San Jacinto Junior College*, 588 F.2d 96, 98 (5th Cir. 1979).

The defendants argue that the Eleventh Amendment bars Poullard's battery claim because Poullard alleges that they violated state common law when acting in the course and scope of their employment. In support of their contention, they point to Louisiana's rule of vicarious liability, which provides that "an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment." *Baumeister v. Plunkett*, 673 So.2d 994, 996 (La. 1996); *see* LA. CIV. CODE art. 2320 (West 1997) ("Masters and employers are answerable for damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.").[5] Certain conditions must prevail for this rule to apply:

> [I]n order for an employer to be vicariously liable for the tortious acts of its employee the "tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest."

*Baumeister*, 673 So.2d at 996. Therefore, vicarious liability attaches only if the employee commits an intentional tort (1) on business premises (2) during work hours (3) while acting within the ambit of his assigned duties and (4) in furtherance of his employer's objective. *See id.*; *see also LeBrane*

---

5    Article 2320 has remained unchanged throughout the period during which this case has been litigated. *See* LA. CIV. CODE ANN. art. 2320 (West 1997) (Historical and Statutory Notes).

*v. Lewis*, 292 So.2d 216, 218 (La. 1974) (identifying factors relevant to determining if an employer is vicariously liable for his employee's violent act).

We find that Poullard does not plead facts that show the defendants' conduct to have occurred while the defendants were acting in the course and scope of their employment. The defendants' alleged conduct does not implicate Louisiana's rule of vicarious liability. Neither beating an inmate in retaliation for litigiousness nor allowing such an attack to occur comes within the scope of a correctional officer's assigned duties or furthers the state's penological objectives.[6] *See Baumeister*, 673 So.2d at 997-98 (reviewing cases deciding whether or not an employer was vicariously liable for its employee's violent conduct). We therefore reject the defendants' contention that the Eleventh Amendment bars Poullard's battery claim because they were acting in the course and scope of their employment.[7]

The district court correctly held that the Eleventh Amendment does not bar Poullard's battery claim. Accordingly, we affirm the denial of the defendants' motion for summary judgment, and remand this case for further proceedings.

---

[6]    We offer no opinion on whether or not Poullard has pled facts sufficient to state a battery claim, a completely different matter.

[7]    The defendants also argue that the fact that the state is not obliged under Louisiana law to indemnify them does not strip them of the protection of the Eleventh Amendment. *See* LA. REV. STAT. ANN. § 13:5108.2(A)-(B) (West 1991) (denying indemnification for intentional tortfeasors). In their view, the state being vicariously liable for their conduct dictates that they receive Eleventh Amendment immunity. That it does not also indemnify them is irrelevant. As we conclude that the state is not vicariously liable in this case, we need not decide how the lack of indemnification affects the availability of Eleventh Amendment immunity.