# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2017

Lyle W. Cayce
Clerk

RICKY JOE SHUGART,

Plaintiff-Appellant

v.

SIX UNKNOWN FANNIN COUNTY SHERIFFS; STATE OF TEXAS, FANNIN COUNTY DISTRICT ATTORNEY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-782

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricky Joe Shugart, Texas prisoner # 1917471, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit raising Fourth Amendment and procedural due process claims arising from the 2013 drug raid that preceded his guilty plea conviction for possession of marijuana under Texas law. We review de novo the 28 U.S.C. § 1915A(b)(1) dismissal of the suit as frivolous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and for failure to state a claim. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The district court did not err by holding that Shugart's Fourth Amendment illegal search and seizure claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); because the marijuana at issue would not otherwise have been admissible on an alternative basis, a judgment on those claims in Shugart's favor would necessarily imply the invalidity of his drug conviction. *See id.* at 486-87 & n.7; *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). Shugart's guilty plea does not prevent this bar. *See Ballard v. Burton*, 444 F.3d 391, 396-97 (5th Cir. 2006). Nor did the district court reversibly err by dismissing these claims without first allowing Shugart an opportunity to amend since the record shows that Shugart had sufficient opportunity to plead his best case. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Likewise, to the extent that Shugart contends that the district court erred by dismissing his due process claim alleging that the destruction of his greenhouse resulted from a misapplication of Texas Health and Safety Code §§ 481.153 and 481.183, his argument lacks merit since state law claims are not cognizable under § 1983. *See Wyatt v. Cole*, 994 F.2d 1113, 1121 (5th Cir. 1993).

However, *Heck* does not bar Shugart's challenge to the constitutionality of § 481.153 on procedural due process grounds; were Shugart successful in his claim that the greenhouse was improperly destroyed pursuant to § 481.153 after the events that led to his arrest, his success would not necessarily imply the invalidity of his conviction. *See Heck*, 412 U.S. at 486-87. Neither is this claim barred by *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir.

2004) (holding that conduct is not random and unauthorized for purposes of *Parratt/Hudson* doctrine when defendants acted under power delegated by state).  Because Shugart states a valid claim for a violation of his procedural due process rights when the allegations of his pro se complaint are accepted as true, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), the district court erred by dismissing this claim against the unknown defendant officers.  *See Geiger*, 404 F.3d at 373.

Finally, while the district court correctly dismissed Shugart's claims against the State on Eleventh Amendment sovereign immunity grounds, the dismissal should not have been with prejudice since the district court lacked subject matter jurisdiction.  *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986).  Accordingly, we instruct the district court on remand to dismiss these claims for lack of subject matter jurisdiction.

The judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED to the district court for further proceedings[1] consistent with this opinion.  Shugart's motion for leave to file a supplemental reply brief is GRANTED, and his motion for extraordinary relief ("One Minor Question") is DENIED as moot.  The 28 U.S.C. § 1915(g) strike resulting from the dismissal of the district court suit is nullified.  *See Mayfield v. Texas Dept. of Crim. Justice*, 529 F.3d 599, 617 (5th Cir. 2008).

---

[1] The district court may wish to hold this case in abeyance until the conclusion of Shugart's still-pending Texas case regarding the incidents here at issue.  *See Shugart v. Thompson*, No. 06-15-00101-CV, 2017 WL 117331 (Tex. App. Jan. 12, 2017).