# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ERNST & YOUNG, LLP

VERSUS

LOUISIANA OFFICE OF
FINANCIAL INSTITUTIONS

NO.  2026 CW 0188

**APRIL 16, 2026**

---

In Re:    Ernst & Young, LLP, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 770947.

---

**BEFORE: LANIER, WOLFE, AND HESTER, JJ.**

**WRIT GRANTED WITH ORDER.** The portion of the trial court's February 20, 2026 judgment which granted defendant's, Louisiana Office of Financial Institutions, Peremptory Exception of Res Judicata is reversed. Plaintiff, Ernst & Young LLP, filed a motion titled "La. R.S. 6:103 Motion to Order Disclosures of Documents and Information" against the Louisiana Office of Financial Institutions, in the 19th Judicial District Court for the State of Louisiana seeking to obtain three categories of documents from the Louisiana Office of Financial Institutions. In opposition to the action in the 19th JDC, the Louisiana Office of Financial Institutions filed several exceptions, including the exception of res judicata, based upon a judgment by the United States District Court for the Eastern District of Louisiana in the matter **Fed. Deposit Ins. Corp. v. Ernst & Young LLP**, No. 20-1259, (E.D. La. 9/23/25). However, the federal court found it lacked jurisdiction over the Louisiana Office of Financial Institutions due to its Eleventh Amendment sovereign immunity. When a federal court lacks jurisdiction over the subject matter of a claim, a dismissal of the claim on those grounds is not considered to be a final judgment on the merits in a subsequent court that does have competent jurisdiction. **Raj v. Louisiana State University**, 2014-0140 (La. App. 1st Cir. 4/24/15), 167 So.3d 1023, 1030; citing **Voisin's Oyster House, Inc. v. Guidry**, 799 F.2d 183, 188 (5th Cir. 1986); also citing **Daigle v. Opelousas Health Care, Inc.**, 774 F.2d 1344, 1348 (5th Cir. 1985) (explaining that "[a] dismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court's power to act"). Thus, a dismissal on the Eleventh Amendment sovereign immunity grounds, constitutes a dismissal for lack of subject matter jurisdiction. See **Voisin's**, 799 F.2d at 188. Therefore, the exception of res judicata filed by the Louisiana Office of Financial Institutions, is denied.

Furthermore, the portion of the trial court's February 20, 2026, judgment which denied Ernst & Young's La. R.S. 6:103 Motion to Order Disclosures of Documents and Information is vacated. This matter is remanded to the trial court for a ruling on the Louisiana Office of Financial Institutions' remaining exceptions and a ruling on Ernst & Young's La. R.S. 6:103 Motion to Order Disclosures of Documents and Information.

WIL
EW
CHH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT